*556 OPINION OF THE COURT
Jones, J.
 Plaintiff does not state a cause of action either under sections 70 and 71 of the Civil Rights Law or in tort for intentional infliction of severe emotional distress. Accordingly, summary judgment should be granted dismissing the complaint.
Plaintiff is a tenant and shareholder in Southridge Cooperative, Section No. 2, Inc., a residential co-operative corporation. When the board of directors of the co-operative refused to meet with him. and other tenant-stockholders of like mind, they formed a committee to be known as "Tenants Council” to obtain financial, managerial and operational information with respect to the management and operations of the co-operative. Confronted with resistance from the directors and their refusal to disclose the desired information, the Tenants Council circulated a petition among all the tenant-stockholders calling for a special meeting of the stockholders for the purpose of voting to remove the entire board of directors from office. Plaintiff was active in soliciting signatures on the petition.
Friction ensued and an action in defamation was brought in the name of the co-operative against plaintiff charging that in the course of circulating the petition he had falsely accused the vice-president of the co-operative of having had her apartment painted at a cost of $4,000 to the co-operative. When the defamation action was dismissed for failure to state a cause of action on behalf of the co-operative corporation, plaintiff instituted the present action against individual members of the board of directors. His complaint sets forth two causes of action—the first under sections 70 and 71 of the Civil Rights Law alleges that the defamation action was commenced by defendants vexatiously and maliciously in the name of the cooperative but without its consent, the second is in tort for intentional infliction of severe emotional distress.
Defendants’ motion for summary judgment dismissing the complaint for failure to state a cause of action was denied at Special Term. The Appellate Division modified by granting the motion to the extent of dismissing the first cause of action under sections 70 and 71 but affirmed the refusal to dismiss the second cause of action on the ground that it presented questions of fact which could only be resolved after a trial. We conclude that both causes of action should be dismissed.
*557 With reference to the first cause of action, even if it were to be concluded that there was a failure to comply literally with the provisions of the by-laws of the corporation in the giving of notice of the meeting of the board of directors at which it was decided to commence the defamation action, it is undisputed that the institution of the action was authorized by the president of the corporation. In this circumstance we agree with both courts below that the action cannot then be said to have been commenced or continued without the consent of the co-operative corporation. (West View Hills v Lizau Realty Corp., 6 NY2d 344; see 12 NY Jur, Corporations, § 672; 2 Fletcher, Cyclopedia Corporations, § 618.) Accordingly no cause of action is stated under sections 70 and 71 of the Civil Rights Law.
 Similarly no cause of action is stated for intentional infliction of severe emotional distress, the allegations of the complaint and the assertions in their support being viewed in the perspective most favorable to plaintiff. He relies principally on Halio v Lurie (15 AD2d 62). We conclude that the present case does not come within the doctrine referred to in Halio. An action may lie for intentional infliction of severe emotional distress "for conduct exceeding all bounds usually tolerated by decent society” (Prosser, Torts [4th ed], § 12, p 56). The rule is stated in the Restatement, Torts 2d, as follows: "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress” (§ 46, subd [1]; see for one aspect Comment d: "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community”). We do not undertake here to delineate the boundaries of this emerging ground of tort liability. It suffices for present purposes to note that the conduct charged to defendants in the present case does not give rise to liability under this doctrine by any proper definition. It is only claimed that they commenced the defamation action deliberately to malign, harass and intimidate plaintiff, thereby intentionally to inflict great mental and emotional distress. Whatever may be alleged as to motivation, the institution of the defamation action in the circumstances disclosed in this record does not constitute conduct within the rule described by Dean Prosser and the Restatement. Indeed, it *558 may be questioned whether the doctrine of liability for intentional infliction of extreme emotional distress should be applicable where the conduct complained of falls well within the ambit of other traditional tort liability, here malicious prosecution and abuse of process. We also note that the conduct of these defendants does not fit under either of what appear to be the only two cases in point in the intermediate appellate courts in our State. (Long v Beneficial Fin. Co., 39 AD2d 11; cf. Restatement, op. cit., § 46,. subd [1], Comment e; Halio v Lurie, 15 AD2d 62, 65-67, supra.)
For the reasons stated the order of the Appellate Division should be modified, with costs, to the extent of granting summary judgment in favor of defendants dismissing the second cause of action, and as so modified, affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
Order modified, with costs to defendants, in accordance with the opinion herein and, as so modified, affirmed. Question certified answered in the negative.