■ Arthur D. Emil, Appellant, v Thomas E. Dewey, Jr., et al., Respondents.—Judgment, Supreme Court, New York County, entered on September 22, 1977, affirmed, without costs and without disbursements. (See *McConnell v 79 East 79th St. Corp.,* 65 AD2d 692.) Concur—Kupferman,

J. P., Markewich, Lynch and Sandler, JJ.; Evans, J., would affirm on constraint of *McConnell v 79 East 79th St. Corp. (65 AD2d 692).*

Kupferman, J. P., dissents in part in the following memorandum: I would modify to reinstate the complaint as to the corporation only and for compensatory damages only. The plaintiff contends his 1976 contract to purchase a co-operative apartment, conditioned upon approval by the corporation through its board of directors in the manner provided in the proprietary lease, was disapproved because he intended to reside therein with a woman (not his wife) and her daughter. The complaint alleges violation of the State Human Rights Law, section 296 (subd 5, par [a], cl [1]) of the Executive Law and the city Human Rights Law, section B1-7.0 (subd 5, par [a], cl [1]) of the Administrative Code of the City of New York: "5. (a) It shall be an unlawful discriminatory practice for the owner, lessee, sublessee, assignee, or managing agent of, or other person having the right to sell, rent or lease a housing accommodation, constructed or to be constructed, or any agent or employee thereof: (1) To refuse to sell, rent, lease or otherwise to deny to or withhold from any person or group of persons such a housing accommodation because of the race, creed, color, national origin, sex, or disability or marital status of such person or persons." The defendants contend that they had other valid reasons for refusing to approve the contract. At issue is the question of whether the matter is governed by more limited language of subdivision 1 of section 19-a of the 1971 Civil Rights Law, which provides as follows: "No corporation formed for the purpose of the cooperative ownership of real estate within the state shall withhold its consent to the sale or proposed sale of certificates of stock or other evidence of ownership of an interest in such corporation because of the race, creed, national origin, or sex of the purchaser." Because section 19-a does not mention "marital status", the court at Special Term dismissed the complaint. If only a sale were involved, then there could be no quarrel with the determination. However, there is also a lease and so the broader language of the Executive Law comes into play. The other defendants here besides the co-operative corporation, are members of the board of directors. While the Executive Law refers to "owner, lessee," etc., it does not include the members of the board of directors, and so I would affirm the dismissal as to them. Further, the complaint asks for exemplary as well as compensatory damages. There is no foundation for exemplary damages in this matter *(Fischer v Maloney,* 43 NY2d 553; see *Garrity v Lyle Stuart, Inc.,* 40 NY2d 354, 358). There is no allegation of malice, nor is it apparent. (Cf. *Nardelli v Stamberg,* 44 NY2d 500; *Cohen v Hallmark Cards,* 45 NY2d 493.) Compensatory damages can cover humiliation and emotional distress. (See *300 Gramatan Assoc. v State Div. of Human Rights,* 45 NY2d 176.) Order filed.