■ WAYNE D. FREIHOFER, Respondent-Appellant, v HEARST CORPORATION, Doing Business as CAPITAL NEWSPAPERS GROUP, et al., Appellant-Respondent. — Cross appeals from an order of the Supreme Court at Special Term (Bradley, J.), entered October 18, 1983 in Albany County, which, *inter alia,* partially granted defendant's motion to dismiss the complaint and for summary judgment. ¶ Plaintiff and his wife cross-filed for divorce. In the course of the proceedings, motions were made for temporary relief. Defendant published in its newspapers certain of the allegations and statements of the parties made in their affidavits. At least one publication took place after plaintiff demanded that publication cease. ¶ Plaintiff has commenced this action in which he pleads causes of action for abuse of process, intentional infliction of emotional harm, and violations of section 235 of the Domestic Relations Law and sections 50 and 51 of the Civil Rights Law. Defendant moved for dismissal of the complaint or, in the alternative, for summary judgment. Plaintiff cross-moved for summary judgment. Special Term dismissed the abuse of process and Domestic Relations Law causes of action; granted defendant summary judgment on the intentional infliction of emotional distress causes of action; denied defendant summary judgment on the Civil Rights Law violation causes of action; and denied plaintiff's cross motion for summary judgment. These cross appeals ensued.* ¶ It is readily apparent that section 235 of the Domestic

---

* On appeal, plaintiff has abandoned his cross appeal as to the dismissal of his abuse of process causes of action.

Relations Law does not apply to this defendant. Subdivision 1 of that section states: *"An officer of the court* with whom the proceedings in a matrimonial action or a written agreement of separation or an action or proceeding for custody, visitation or maintenance of a child are filed, or before whom the testimony is taken, *or his clerk,* either before or after the termination of the suit, shall not permit a copy of any of the pleadings, affidavits, findings of fact, conclusions of law, judgment of dissolution, written agreement of separation or memorandum thereof, or testimony, or any examination or perusal thereof, to be taken by any other person than a party, or the attorney or counsel of a party, except by order the court" (emphasis added). The only prohibitory language of the statute is directed toward officers of the court and their clerks. One may publish details of a divorce action based on files obtained without court order unless publication thereof is otherwise tortious (*Shiles v News Syndicate Co.,* 27 NY2d 9, cert den 400 US 999). ¶ We find no error in Special Term's summary dismissal of the cause of action for intentional infliction of emotional distress. A cause of action for the intentional infliction of emotional distress lies when " '[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another' " (*Fischer v Maloney,* 43 NY2d 553, 557). Additionally, it has been held that the conduct must have been: " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " (*Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303, quoting Restatement, Torts 2d, § 46, Comment *d*). Special Term concluded that plaintiff had failed to demonstrate his ability to sustain so great a burden. ¶ Special Term refused to dismiss plaintiff's causes of action pursuant to sections 50 and 51 of the Civil Rights Law after determining that issues of fact had been raised. The basic facts are conceded. Plaintiff's name and portrait were published without plaintiff's consent. Information contained in papers filed in conjunction with court proceedings was quoted. By enactment of section 235 of the Domestic Relations Law, the Legislature has determined that the public has no right to know the contents of records of divorce proceedings. ¶ Section 50 of the Civil Rights Law states: "A person, firm or corporation that uses for advertising purposes, or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person, or if a minor of his or her parent or guardian, is guilty of a misdemeanor." Section 51 permits an action against one who violates section 50. The disagreement is in the application of the words "for advertising purposes, or for the purposes of trade". Plaintiff contends that defendant's publication of details of his personal life was to promote the circulation of its newspapers rather than to provide newsworthy information of public interest as argued by defendant. The mere fact that a newspaper prints a story which is newsworthy or of public interest to help increase circulation does not by itself establish a violation of the Civil Rights Law (see, e.g., *Arrington v New York Times Co.,* 55 NY2d 433, 440, cert den 459 US 1146, 103 S Ct 787; *Delan v CBS, Inc.,* 91 AD2d 255; *Davis v High Soc. Mag.,* 90 AD2d 374, app dsmd 58 NY2d 1115; *Goelet v Confidential, Inc.,* 5 AD2d 226). However, if, as plaintiff alleges here, such a story is neither newsworthy nor of public interest, publication merely to increase circulation would violate the statute (see *Sutton v Hearst Corp.,* 277 App Div 155; *Lahiri v Daily Mirror,* 162 Misc 776; see, also, *Ali v Playgirl, Inc.,* 447 F Supp 723). ¶ We believe that application of the statute must be decided on a case-by-case basis and that there must be a factual determination (*Sutton v Hearst Corp., supra; Pittera v Parade Pub.,* 29 Misc 2d 90). Therefore, we agree that on the record which was before Special Term, it was impossible to summarily decide the issue either way as a matter of law. ¶ Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.