■ WILLIAM F. KAMINSKI, Respondent, v UNITED PARCEL

SERVICE et al., Appellants.—Order of the Supreme Court, New York County (Elliott Wilk, J.), entered September 26, 1985, which, *inter alia,* (1) denied defendants-appellants' motion to dismiss plaintiff's second cause of action against all defendants, (2) denied their motion to dismiss plaintiff's third cause of action against the five individually named defendants, (3) denied the motion to dismiss the seventh cause of action against all defendants, (4) directed plaintiff to replead his seventh cause of action, and (5) denied the motion to strike plaintiff's demand for an award of attorney's fees on his third and seventh causes of action, is modified, on the law, to the extent of dismissing the third cause of action and striking the demand for attorney's fees on that cause of action; plaintiff's seventh cause of action and his demand for attorney's fees thereon are discontinued with prejudice pursuant to the parties' stipulation, and, the order is otherwise affirmed, without costs.

On August 18, 1980, plaintiff Kaminski was hired as a driver for United Parcel Service (UPS) and was subsequently elevated to the position of supervisor of operations for the UPS downtown Manhattan branch, where he also substituted for absent drivers. Plaintiff's employment was for an indefinite period of time and he had no formal written contract. His personnel file included the information that he had previously been employed as a prison guard at Rikers Island, where he had received a commendation for heroism for his conduct during a prison riot.

On June 16, 1983, defendant Gary Wright, plaintiff's division manager, ordered plaintiff to report to the office of defendant Brendan Byrne at the UPS midtown facility. At 9:30 A.M. plaintiff met with Byrne who told plaintiff to go to the office of Daniel Senkiewicz. Plaintiff entered that office and met with defendants Daniel Gigliobianco and Michael Pastoriza who were later joined by Senkiewicz. The defendants accused plaintiff of not having reported the receipt of a cash payment for a package. Plaintiff denied the charge. The defendants told plaintiff he had been identified as the thief by two eyewitnesses. They then allegedly began to threaten him with a criminal prosecution and a prison term at Rikers Island if plaintiff did not admit stealing the money, agree to return the money, resign, and waive his rights to all health, hospital and pension benefits. Plaintiff alleges that for three hours he was subjected to these threats which were accompanied by loud, aggressive, profane and obscene language and

gestures. At all times one or another of the defendants was blocking the door to the office. Finally, at 12:30 P.M. and allegedly under duress and still denying the accusation, plaintiff signed resignation papers and documents relinquishing his pension plan and health and hospital benefits and statements admitting his guilt.

On June 30, 1983, the two witnesses who identified plaintiff from a photograph as the person who had misappropriated the money executed affidavits swearing that the funds were paid to another UPS driver who bore a striking resemblance to plaintiff. That driver's employment was terminated in July of 1983. When plaintiff learned of this he wrote to the chairman of the board of directors of UPS, described the events of his termination and requested reinstatement. He received no response.

Kaminski commenced an action in August of 1983 alleging eight causes of action and making a demand for the award of attorney's fees. The first cause of action, not challenged by UPS or the individual defendants, seeks $1 million in damages for unlawful and malicious imprisonment and threats which subjected plaintiff to humiliation and caused him mental and physical distress. The second cause of action alleges that the acts of harassment and intimidation were committed maliciously with the intent of causing, and with knowledge that they would cause, severe mental and emotional distress. The third cause of action alleges tortious interference with plaintiff's business relationship with UPS. The fourth cause of action alleges wrongful discharge. The fifth cause of action alleges that the defendants had an obligation to adequately investigate the charges and failed to provide Kaminski with an opportunity to defend himself. The sixth cause of action alleges that the defendants acted negligently in taking all the actions of which plaintiff previously complained. The seventh cause of action alleges prima facie tort. The eighth cause of action alleges punitive damages.

Defendants moved for an order dismissing the second through eighth causes of action for failure to state a claim and striking plaintiff's demand for attorney's fees. Special Term dismissed the fourth, fifth, sixth and eighth causes of action and denied the motion to dismiss the third cause of action, except as it related to UPS. The court also struck the demand for attorney's fees except for the third and seventh causes of action. The court also directed plaintiff to replead his seventh cause of action for prima facie tort.

At the oral argument of this case, plaintiff submitted a stipulation agreeing to withdraw with prejudice his seventh cause of action and his demand for attorney's fees with respect thereto. The only issues before us, therefore, are the trial court's failure to dismiss plaintiff's second and third causes of action for intentional infliction of emotional distress and tortious interference with contract, respectively. While New York does not recognize a cause of action for wrongful discharge in an "at-will" employment relation, it does permit a claim for intentional infliction of emotional distress " 'for conduct exceeding all bounds usually tolerated by decent society' " *(Fischer v Maloney,* 43 NY2d 553, 557, quoting Prosser, Torts § 12, at 56 [4th ed].) The conduct must, however, " '[have] been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' ". *(Supra,* p 557, quoting Restatement [Second] of Torts § 46 [1] comment d; *see also, Murphy v American Home Prods. Corp.,* 58 NY2d 293.) We agree with Special Term that, assuming the truth of the facts pleaded, the acts complained of could be found by a trier of fact to amount to extreme and outrageous conduct which cannot be tolerated in a civilized community and that they, therefore, adequately state a cause of action for intentional infliction of emotional distress.

However, Special Term erred in denying the motion to dismiss the third cause of action for tortious interfence with a contract. Among the elements of the tort of intentional interference with a contract are the existence of a valid contract, the defendant's knowledge of that contract, the defendant's intentional procuring of a breach of that contract, an actual breach of the contract and damages. *(Israel v Wood Dolson Co.,* 1 NY2d 116, 120.) Under New York law "absent a constitutionally impermissible purpose, a statutory proscription, or an express limitation in the individual contract of employment," none of which is applicable here, "an employer's right at any time to terminate an employment at will remains unimpaired." *(Murphy v American Home Prods. Corp., supra,* at p 305.) Accordingly, the termination of an "at-will" employment relationship does not constitute a breach of contract. *(See also, Citera v Chemical Bank,* 105 AD2d 636, 638.)

Plaintiff Kaminski was an "at-will" employee, having been hired for an indefinite period of time without benefit of a formal contract. His termination from that employment did

not constitute a breach upon which an action for wrongful discharge or intentional interference with a contract would lie. Additionally, there is nothing to suggest that the individual defendants were motivated by any personal desire to injure plaintiff. Rather, the facts alleged demonstrate that as employees of UPS and having been informed of the accusations by the two witnesses, their subsequent conduct was motivated by a desire to protect UPS from employee thefts. That their methods in procuring plaintiff's resignation may have been improper is a matter more properly dealt with in the first and second causes of action against both UPS and the individual defendants.

Accordingly, the third cause of action should be dismissed against the individual defendants for failure to state a cause of action, and plaintiff's demand for an award of attorney's fees on this cause of action is stricken. Concur—Sullivan, J. P., Carro, Kassal, Rosenberger and Ellerin, JJ.