**Irene KOVICH, Plaintiff,**

v.

**MANHATTAN LIFE INSURANCE COMPANY, Defendant.**

**No. 83 Civ. 7661 (SWK).**

United States District Court, S.D. New York.

July 14, 1986.

Rogers and Wells, New York City by Edith N. Dinneen, for defendant.

Edward T. Chase, New York City, for plaintiff.

KRAM, District Judge.

Plaintiff, Irene Kovich, has filed this employment discrimination suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), against her onetime employer, Manhattan Life Insurance Company. Invoking the pendent jurisdiction of this Court, the plaintiff has also made a claim for intentional infliction of emotional distress under New York Law.

This action is currently before the Court on Manhattan Life Insurance Company's motion to dismiss plaintiff's pendent claim pursuant to Fed.R.Civ.P. 12(b)(6).[1] The defendant also moves for this Court to strike plaintiff's demand for a jury trial pursuant to Fed.R.Civ.P. 39(a)(2). The defendant asserts that if this Court dismisses the plaintiff's tort claim, the only remaining cause of action would be under Title VII, for which there is no right to a jury trial. *See* Defendant's Memorandum of Law, p. 1.

### *Defendant's Motion for Summary Judgment To Dismiss Plaintiff's Tort Claim*

A motion for summary judgment lies only when there is no genuine issue of material fact. This Court's role is to determine whether there are issues to be tried. *Heyman v. Commerce and Ind. Ins. Co.,* 524 F.2d 1317, 1319–20 (2d Cir.1975). The burden is on the moving party to show that no such issues exist. *Adickes v. Kress and Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608,

26 L.Ed.2d 142 (1970). In testing whether the movant has met this burden, the Court must resolve all ambiguities against the movant. *Heyman,* 524 F.2d at 1320. Nonetheless, "the mere possibility that a factual dispute *may* exist, without more, is not sufficient to overcome a convincing presentation by the moving party." *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir.1980) (emphasis in original). Speculation, conclusory allegations, and mere denials are not enough to raise genuine issues of fact.

By Order dated December 18, 1985, this Court granted defendant's motion to dismiss plaintiff's claim for intentional infliction of emotional distress. By that same Order, the Court granted plaintiff leave to replead her claim for intentional infliction of emotional distress based on evidence adduced during a hearing on plaintiff's claim of retaliatory termination.

The plaintiff's repleaded tort claim makes three additional allegations: that plaintiff was terminated while four less experienced and less knowledgable underwriters were retained, that defendant forged plaintiff's time records to falsely portray her as habitually late, and that defendant told plaintiff that she would be blackballed and unemployable in the insurance industry if she filed a complaint with the State Division of Human Rights. *See* Amended Complaint, ¶ 25. The remaining allegations in the amended complaint had previously been stated in the original complaint.

In *Fischer v. Maloney,* 43 N.Y.2d 553, 557–58, 402 N.Y.S.2d 991, 373 N.E.2d 1215 (1978), the New York State Court of Ap-

---

**1.** Kovich attached several pages from the transcript of her deposition to her brief in opposition to defendant's motion. Manhattan Life opposed the inclusion of that testimony on the ground that a 12(b)(6) motion does not allow for consideration of matters outside of the complaint. During the March 21, 1986 pre-trial conference, this Court notified both parties that it would consider matters outside the pleadings and that they should proceed accordingly if they wished to submit additional materials for the Court's consideration.

Under Rule 12(b)(6), if matters outside the pleadings are presented to and not excluded by the Court, the motion must be treated as one for summary judgment and disposed of pursuant to Fed.R.Civ.P. 56. Accordingly, the defendant's motion to dismiss plaintiff's third claim for relief, for intentional infliction of emotional distress, will be treated as a motion for summary judgment as provided for under Rule 56(b).

peals adopted Section 46(c) of the Second Restatement of Torts as the standard for establishing a cause of action for intentional infliction of emotional distress in New York. The Second Restatement standard requires that the conduct be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Id.* at 557, 402 N.Y.S.2d 991, 373 N.E.2d 1215. The conduct must be intentionally directed at the plaintiff and lack any reasonable justification. *Martin v. Citibank, N.A.,* 762 F.2d 212, 220 (2d Cir. 1985). New York Courts have been very strict in applying these principles. *Id.* at 220.

In a large majority of cases involving employment relationships, New York State courts and federal courts construing New York law have found the conduct alleged by plaintiff-employees insufficient to establish a tort claim of intentional infliction of emotional distress.[2] *See, e.g., Martin,* 762 F.2d at 220 (during an investigation into missing funds plaintiff was selected for polygraphing based on her race and was forced to resign because of harrassment); *Murphy v. American Home Products Corp.,* 58 N.Y.2d 293, 303, 461 N.Y.S.2d 232, 448 N.E.2d 86 (1983) (plaintiff was transferred and demoted for reporting massive fraud in employer's accounting procedures, told that he would never advance, was discharged and ordered to leave, and was forcibly and publicly escorted from the building when he returned to pick up his belongings which were subsequently dumped into the street); *Belanoff v. Grayson,* 98 A.D.2d 353, 471 N.Y.S.2d 91 (1st Dept.1984) (unjustified unfavorable performance reviews were prepared after plaintiff's marriage subsequent suspension and termination following commencement of legal action); *Lewis v. New York Telephone Company,* 643 F.Supp. 654 (S.D. N.Y.1984) (promotion denied based on race, unjust accusation of stealing records and cheating on a promotion test).

■ Even assuming there is no issue of fact as to the truth of the additional allegations stated in the plaintiff's amended complaint, plaintiff is not entitled to recover for intentional infliction of emotional distress under New York Law. The allegations fail to meet the strict New York standard of "extreme and outrageous conduct ... intolerable in a civilized society". *Fischer,* 43 N.Y.2d 553, at 558, 402 N.Y.S.2d 991, 373 N.E.2d 1215; *Martin,* 762 F.2d at 220.

First, the plaintiff's allegation that she was terminated while four less experienced and knowledgable underwriters were retained, does not establish a tort claim for intentional infliction of emotional distress in New York. *Murphy v. American Home Products Corp.,* 58 N.Y.2d 293, 298, 461 N.Y.S.2d 232, 236, 448 N.E.2d 86, 90 (1983). Under New York Law, there is no cause of action for abusive or wrongful employee discharge. *See, e.g., Martin,* 762 F.2d at 220; *Belanoff v. Grayson,* 98 A.D.2d 353, 471 N.Y.S.2d 91, 94 (1st. Dept.1984).

Furthermore, plaintiff's allegation that defendant forged time records to portray her as habitually late, if treated as true for purposes of the instant motion, falls short

**2.** In a recent decision, *Kaminski v. United Parcel Service,* App.Div., 501 N.Y.S.2d 871 (First Dept. 1986), the court affirmed the denial of a defendant-employer's motion to dismiss plaintiff's cause of action for intentional infliction of emotional distress. In *Kaminski,* the plaintiff-employee alleged he was wrongfully accused of stealing money, held in an office against his will, subjected to threats, including criminal prosecution if he did not confess, return the money, resign his position and waive his rights to health and pension benefits, and finally forced under duress to sign resignation papers and a confession. The Court ruled that the acts pleaded could be found by a trier of fact to amount to extreme and outrageous conduct which cannot be tolerated in a civilized community, and that they state a claim for intentional infliction of emotional stress. *Id.* at 873. In the present action, however, the acts of which Kovich complains do not rise to this level. Unlike *Kaminski's* allegations of false imprisonment, Kovich's claims of threats of blackballing and forged time records are not acts "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 873.

of the standard of conduct necessary for a claim of intentional infliction of emotional distress. *Martin*, 762 F.2d at 212; *Murphy*, 58 N.Y.2d 232, 236, 461 N.Y.S.2d 232, 236, 448 N.E.2d 86, 90 (1983). Similarly, plaintiff's allegation that defendant told her she would be blackballed in the insurance industry if she filed a complaint with the State Division of Human Rights, is deficient to establish a claim for intentional infliction of emotional distress. *Burba v. Rochester Gas and Electric Corp.*, 90 A.D.2d 984, 985, 456 N.Y.S.2d 578 (4th Dept.1982). Even when the Court considers these three allegations in combination, they fail to demonstrate a "deliberate and malicious campaign of harassment...." *See Balanoff*, 471 N.Y.S.2d at 94. Thus, plaintiff fails to state a claim for intentional infliction of emotional distress.

The remaining allegations set forth in the amended complaint have already been found by this Court to be insufficient to establish a claim for intentional infliction of emotional distress under New York law. Accordingly, defendant's motion for summary judgment is granted and plaintiff's claim for intentional infliction of emotional distress is dismissed.

*Defendant's Motion to Strike Plaintiff's Demand for a Jury Trial*

Upon this Court's dismissal of the plaintiff's tort claim, the only remaining cause of action is under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* *See* Amended Complaint, First and Second Claims for Relief.

■ Since the remedies provided under Title VII are essentially equitable in nature, courts in this Circuit and in a majority of other circuits have held that a Title VII plaintiff has no right to demand a jury trial. *Alveari v. American Intern. Group, Inc.*, 590 F.Supp. 228, 232 (S.D.N.Y.1984); *Seymore v. Readers Digest Ass'n, Inc.*, 493 F.Supp. 257, 266–67 (S.D.N.Y. 1980); *Travers v. Corning Glass Works*, 76 F.R.D. 431, 436 (S.D.N.Y.1977).

Pursuant to Fed.R.Civ.P. 39(a)(2), where no constitutional or statutory right to a jury trial of some or all the issues exists, these issues must be tried by the Court.

Accordingly, plaintiff's demand for a jury trial is stricken and the first and second claims for relief will be tried by the Court.

SO ORDERED.