**Lopel GRANDISON, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Paul Carlin, Postmaster General, United States Postal Service, Defendants.**

**No. 85 CIV. 3614 (SWK).**

United States District Court,
S.D. New York.

Sept. 5, 1988.

892

Lopel Grandison, Rosedale, N.Y., pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City by Harriet L. Goldberg, Asst. U.S. Atty., for defendants.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Plaintiff brings this discrimination action against the United States Postal Service and the Postmaster General under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e–16, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a. Plaintiff is a sixty-three year old black citizen of the United States, whose country of origin is Jamaica, and is an adherent of the Jewish religion. He seeks relief pursuant to Title VII and the ADEA for alleged discrimination based on his race, national origin, age and religion by the United States Postal Service in failing to promote him to a position for which he asserts he was more or equally qualified than the person who was promoted. Presently before this Court is the government's motion to strike plaintiff's jury demand and to strike plaintiff's demand for compensatory and liquidated damages.[1]

---

1. Although the government moves to strike the    prayer for liquidated damages, the Court notes

## Discussion

From the outset, the parties have disputed whether a jury will ultimately decide the facts of this case. The *pro se* complaint makes a jury demand, which defendants opposed, and this Court noted this case as a non-jury action. Plaintiff repeated his demand for a jury trial, which defendants opposed by letter and now by this motion.

### Right to Jury Trial: ADEA

Defendant argues that plaintiff has no right to trial by jury for the ADEA claim since the action is one against a federal employer. Plaintiff argues that this action against the United States Postal Service, a quasi-governmental agency, is not an action against the United States. This Court's research has not revealed any cases in this Circuit directly addressing this issue. Three Supreme Court cases must be examined before a decision can be reached. The first is *Lehman v. Nakshian*, 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981), in which the Supreme Court determined that a plaintiff does not have a right to a jury trial in ADEA actions against the United States and federal employers. *Id.* at 168–69, 101 S.Ct. at 2705–06. The second is *Franchise Tax Board v. USPS*, 467 U.S. 512, 104 S.Ct. 2549, 81 L.Ed.2d 446 (1984), in which the Supreme Court determined that Congress broadly waived the sovereign immunity of the USPS through the "sue and be sued" clause in the Postal Reorganization Act, 39 U.S.C. § 401(1). The third is *Loeffler v. Frank*, — U.S. ——, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988), in which the Supreme Court suggests that the USPS's waiver of immunity applies to actions brought under Title VII.

■ In *Lehman*, the Supreme Court considered whether the ADEA provided a right to trial by jury in an action brought against the United States Navy. The Court began by stating that "[i]t has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government."

453 U.S. at 160, 101 S.Ct. at 2701. The Court reasoned that since the federal government may not be sued without its consent and may be sued only on the terms to which it agrees, a plaintiff has a right to a jury trial only if "Congress has affirmatively and unambiguously granted that right by statute." *Id.* at 168, 101 S.Ct. at 2705. The answer given: "Congress has most obviously not done so here." *Id.* The Court concluded that Congress did not provide for jury trials under the ADEA against the federal government as follows:

> Neither the provision for federal employer cases to be brought in district courts rather than the Court of Claims [29 U.S.C. § 633a(c)], nor the use of the word 'legal' in that section, evinces a congressional intent that ADEA plaintiffs who proceed to trial against the Federal Government may do so before a jury. Congress expressly provided for jury trials in the section of the Act applicable to private-sector employers, and to state and local governmental entities [29 U.S.C. § 626(c)(2)]. It did not do so in the section applicable to the Federal Government as an employer, and indeed, patterned that section after provisions in another Act [Title VII] under which there is no right to trial by jury. The conclusion is inescapable that Congress did not depart from its normal practice of not providing a right to trial by jury when it waived the sovereign immunity of the United States.

*Id.* at 168–69, 101 S.Ct. at 2705–06. The essential question to consider therefore is whether this action against the USPS and the Postmaster General constitutes an action against the federal government. The Court concludes that it does.

■ Congress broadly waived the sovereign immunity of the USPS when it granted it the power to sue and be sued. *Franchise Tax Board, supra,* 467 U.S. at 519 and n. 12, 104 S.Ct. at 2553 and n. 12 (39 U.S.C. § 401(1) waives sovereign immunity broadly); *Active Fire Sprinkler Corp.*

---

that plaintiff's fifth claim for relief is a claim for a willful violation of the ADEA for which liquidated damages is a remedy pursuant to 29 U.S. C. § 626(b). The Court will thus consider the government's arguments as one for an order dismissing the fifth claim.

*v. USPS*, 811 F.2d 747, 752 (2nd Cir.1987) (same). This broad waiver, which is to be construed liberally, *Franchise Tax Board, supra*, 467 U.S. at 520, 104 S.Ct. at 2554, subjects the USPS to an action for garnishment, *Beneficial Finance Co. v. Dallas*, 571 F.2d 125, 128 (2nd Cir.1978), and to suit under the terms of the Miller Act, 40 U.S. C. §§ 270a–270f (1982), *Active Fire Sprinkler, supra*, 811 F.2d at 753. On the other hand, tort claims against the USPS are subject to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"), by the very terms of the Postal Reorganization Act, 39 U.S.C. § 409(c). *Insurance Co. of N. America v. USPS*, 675 F.2d 756, 758 (5th Cir.1982); *Cooper v. United States*, 635 F.Supp. 1169 (S.D.N.Y.1986) (action to recover damages for accident with postal truck subject to FTCA provisions). The Postal Reorganization Act also expressly made the USPS subject to certain federal laws, 39 U.S.C. § 410, but did not make the USPS subject to either the ADEA or Title VII.

Instead, the USPS became subject to discrimination actions brought under the ADEA or Title VII only after Congress passed amendments to these statutes specifically making the USPS subject to their provisions. *See* 29 U.S.C. § 633a (ADEA) and 42 U.S.C. § 2000e–16 (Title VII). In one recent case, this Court decided that, unlike the broad construction given the "sue and be sued" clause in the Postal Reorganization Act, 39 U.S.C. § 401, the waivers of sovereign immunity in the ADEA and Title VII are limited and are to be construed narrowly, *Bornholdt v. Internal Revenue Service*, No. 87 Civ. 1062 (LLS), slip op., p. 4 (S.D.N.Y. January 25, 1988) (available on WESTLAW, 1988 WL 9906) (citing *Brown v. General Services Admin.*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976) and holding that failure to comply with requirement to file suit within 30–day period after end of administrative proceedings was jurisdictional). In another recent case, this Court decided that the right of an employee to sue the USPS in a Title VII action represents only a limited waiver of the USPS's sovereign immunity, requiring the employee to comply with the terms of the statute strictly. *Coleman v. USPS*, No. 87 Civ. 0291 (WCC), slip op., p. 1 (S.D.N.Y. January 8, 1988) (available on WESTLAW, 1988 WL 3387) (relying on language in *Brown, supra*, 425 U.S. at 835, 96 S.Ct. at 1969, that Title VII, 42 U.S.C. § 2000e–16, provides the "exclusive judicial remedy for claims of discrimination in federal employment" and dismissing action against USPS for failure to name Postmaster General as defendant). Taken together, these decisions tend to support the government's argument.

The Supreme Court's recent decision in *Loeffler, supra*, however, undermines the basic proposition of these cases that (1) the general waiver of the USPS's sovereign immunity in section 401(1) has no bearing in cases brought under Title VII, and the ADEA by implication,[2] and that (2) the provisions granting a right of action to federal employees is wholly distinct from the private-sector provisions. *See* 108 S.Ct. at 1971–72. In *Loeffler*, the Supreme Court first determined that the general waiver of immunity granted through the sue-and-be-sued clause applies to all causes of action involving the USPS, including those created by special statutory schemes such as Title VII, unless Congress specifically limits the general waiver. *Id.* at 1972–73. As an example, the Court noted that the Federal Tort Claims Act explicitly limited the waiver granted by any sue-and-be-sued clauses. *Id.* at 1973.

Title VII, by contrast, does not state that "the waiver of sovereign immunity it effected was intended also to narrow the waiver of sovereign immunity of entities subject to sue-and-be-sued clauses." *Id.* After determining that section 401(1) applies to Title VII actions, the Court considered respondent's argument that, notwithstanding the general waiver of sovereign immunity, the section granting federal employees a cause of action in Title VII

---

**2.** The *Lehman* Court observed that the ADEA provisions involving federal employees were patterned directly after similar provisions in Title VII and drew on Title VII cases for analysis. 453 U.S. at 163–64, 101 S.Ct. at 2703–04.

must be read narrowly. In particular, respondent argued that prejudgment interest could not be awarded against the USPS since the statute did not specifically authorize it. The Supreme Court disagreed, noting first that Congress did not specifically exclude prejudgment interest as part of an award, and second that the federal employee section of Title VII, 42 U.S.C. § 2000e–16, specifically provides that a federal employee may file a civil action as provided by 42 U.S.C. § 2000e–5, the section governing private employees. *Id.* at 1974. Since prejudgment interest is available in actions against private employers, and since section 2000e–5 applies to both private and federal employers, the Court held that such interest could be recovered from the USPS.

■ In stark contrast to the federal employment section in Title VII, the equivalent section in the ADEA does not incorporate the provisions governing actions against private employers. Instead, section 633a(f) states: "any personnel action of any department, agency, or other entity referred to in subsection (a) of this section shall not be subject to, or affected by, any provision of this Act, other than the provisions of section 12(b) of this Act [29 U.S.C. § 631(b)] and the provisions of this section." Therefore, the provisions applicable to private employers under the ADEA, including the right to a jury trial, do not apply to federal employers as they do in Title VII. Absent this limiting provision, the Court believes that plaintiff would have a right to a jury trial in light of *Franchise Tax* and *Loeffler,* each of which stress that Congress intended that the USPS be treated like a private commercial venture.[3] Accordingly, the government's motion to strike plaintiff's jury demand as to the ADEA claim is granted.[4]

### Right to Jury Trial: Title VII

■ Grandison also claims to have a right to a jury trial for the Title VII cause of action. Plaintiff is simply incorrect. This Court recently granted a party's motion to strike a jury demand for a Title VII claim as follows:

> Since the remedies provided under Title VII are essentially equitable in nature, courts in this Circuit and in a majority of other circuits have held that a Title VII plaintiff has no right to demand a jury trial. *Alveari v. American Int'l Group, Inc.,* 590 F.Supp. 228, 232 (S.D.N.Y.1984); *Seymore v. Reader's Digest Ass'n, Inc.,* 493 F.Supp. 257, 266–67 (S.D.N.Y.1980); *Travers v. Corning Glass Works,* 76 F.R.D. 431, 436 (S.D.N.Y.1977).

*Kovich v. Manhattan Life Ins. Co.,* 640 F.Supp. 134, 137 (S.D.N.Y.1986); *see also Wade v. Orange County Sheriff's Office,* 844 F.2d 951, 953 (2nd Cir.1988). The Supreme Court has noted in passing that "there is no right to trial by jury in cases

---

**3.** The Court does not come to this conclusion easily. It appears that § 633a has retained the sovereign immunity of the USPS for ADEA actions, though such retention of immunity appears anomalous, however, since "Congress intended the Postal Service to be treated similarly to other self-sustaining commercial ventures." *Franchise Tax Board, supra,* 467 U.S. at 525, 104 S.Ct. at 2556. Plaintiffs who sue other commercial ventures certainly have a right to a jury trial under the ADEA. *See* 29 U.S.C. § 626(b). Thus, while the USPS falls within the ambit of section 633a, under which a plaintiff has no jury trial right, these Supreme Court decisions suggest that the USPS should be treated like a business sued under section 626.

**4.** A district court in Georgia recently reached a similar conclusion, though for different reasons. *Griffin v. USPS,* 635 F.Supp. 190 (N.D.Ga.1986). The court decided that "[a]n action against the Postal Service, although 'an independent establishment of the executive branch of the [federal government],' 39 U.S.C. § 201, is an action against the federal government for purposes of this rule [referring to the decision in *Lehman, supra* ]." *Id.* at 192. That action involved a claim against the USPS pursuant to the Postal Reorganization Act itself, 39 U.S.C. § 1208, for alleged violations of an applicable collective bargaining agreement. The court rejected plaintiff's argument that the waiver of immunity granted by section 401(1) provided any right to a jury trial. The court read *Franchise Tax Board* narrowly to mean only that the USPS could be held liable in the course of a state administrative proceeding. Not finding an express grant of a jury trial right in the Postal Reorganization Act, the court determined that no such right existed. Though this Court disagrees with the *Griffin* court's narrow reading of *Franchise Tax Board,* the Court reaches the same conclusion.

arising under Title VII" since the relief in such cases is "equitable", not "legal". *Lehman, supra,* 453 U.S. at 164, 101 S.Ct. at 2703 (citing *Lorillard v. Pons,* 434 U.S. 575, 583–84, 98 S.Ct. 866, 871–72, 55 L.Ed. 2d 40 (1978) and *Great American Federal Savings & Loan Ass'n v. Novotny,* 442 U.S. 366, 375 and n. 19, 99 S.Ct. 2345, 2350 and n. 19, 60 L.Ed.2d 957 (1979)). In light of these holdings, the Court finds it necessary to grant the government's motion to strike plaintiff's jury demand.

Compensatory Damages under the ADEA and Title VII

▮ Plaintiff's claim for damages under the ADEA includes a prayer for compensatory damages for pain, suffering, humiliation and emotional distress. The government argues that no such damages are available under the ADEA. This Court agrees. The Second Circuit has "joined nine other circuits that have considered the question in holding that plaintiffs are not entitled to recovery for emotional distress in ADEA actions." *Haskell v. Kaman Corp.,* 743 F.2d 113, 120–21 and n. 2 (2d Cir.1984) (citing *Johnson v. Al Tech Specialties Steel Corp.,* 731 F.2d 143, 147 (2nd Cir.1984)). Allowing potential recovery of compensatory and punitive damages would undermine "Congress's intent to resolve as many discrimination disputes as possible in agency proceedings rather than in lawsuits ..." *Johnson, supra,* 731 F.2d at 148.[5] Consequently, the government's motion to strike plaintiff's prayer for compensatory damages for pain, suffering and emotional distress is granted.

Liquidated Damages against the USPS

▮ Plaintiff also seeks liquidated damages for back pay under the ADEA. Such damages are expressly authorized for willful violations of the ADEA. 29 U.S.C. § 626(b). The government argues that these damages are not available against a

federal employer such as the USPS. This Court agrees.

Although section 626(b) allows for liquidated damages, section 633a(f) limits the waiver of sovereign immunity for suits against federal employers to the terms of section 633a and section 631(b). As stated above, the Court concludes that § 633a applies to the USPS as a federal employer and represents a limitation on the waiver of its sovereign immunity. Thus, section 626(b) does not apply to the USPS, and liquidated damages are not available. *Accord, Smith v. Office of Personnel Management,* 778 F.2d 258, 263 (5th Cir. 1985) ("Liquidated damages are permitted only in private sector cases in which the employer's conduct is willful."), *cert. denied,* 476 U.S. 1105, 106 S.Ct. 1949, 90 L.Ed.2d 358 (1986); *Endres v. Helms,* 617 F.Supp. 1260, 1269 n. 23 (D.D.C.1985) (citing cases). Accordingly, the government's motion to strike plaintiff's demand for liquidated damages is granted.

Conclusion

For the reasons stated above, the Court grants the government's motions to strike plaintiff's jury demand, to strike plaintiff's prayer for compensatory damages under the ADEA and to strike plaintiff's prayer for liquidated damages under the ADEA.

SO ORDERED.

---

5. Although plaintiff did not expressly seek compensatory damages under Title VII, the government argued that such damages are also not available through Title VII. The Court agrees. *See Seymore, supra,* 493 F.Supp. at 267 (no right to compensatory or punitive damages in Title VII cases) (citing *Whitney v. Greater N.Y. Corp.* of Seventh–Day Adventists, 401 F.Supp. 1363, 1368–71 (S.D.N.Y.1975)). The *Johnson* court noted that the administrative scheme envisioned by Congress in both the ADEA and Title VII precluded recovery of compensatory damages. 731 F.2d at 148.