Carlos GUZMAN, individually and on behalf of the members of Local 32B–32J of the Service Employees International Union, Plaintiff,

v.

Gus BEVONA, Nicholas Alvarez, Joseph J. Baumann, John Bevona, Kyle Bragg, Stanley Busti, Ernesto Castro, Robert Currenti, Anthony Dejesus, Joseph Dumlao, Andrew Dunlea, Luke Feeney, Juan Goicoechea, Thomas Gray, Richard Hopkins, Serge Jean–Jacques, John Koss, William Lannon, Joseph Larosa, Charles Lee, Peter Martin, Kevin McCulloch, Yalmen Mergen, Donald Mumm, Marie Nurse, Anthony Poccio, Alonzo Ramirez, Woden Rodriguez, Joseph Santapola, Danielle Sistrunk, John J. Sweeney and Colon Villacis, Defendants.

No. 92 Civ. 1500 (RPP).

United States District Court, S.D. New York.

Nov. 17, 1992.

**510**

Lankenau Kovner & Bickford by Wayne N. Outten and Jack A. Raisner, New York City, for plaintiff.

Spivak, Lipton, Watanabe, Spivak & Moss by Franklin K. Moss, New York City, Rochman Platzer Fallick Rosmarin & Sternheim by Irwin Rochman, New York City, for defendants.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Defendants, the members of the Joint Executive Board ("Executive Board") of Local 32B–32J (the "Union") move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the first, third and fourth causes of action of the second amended complaint filed by Carlos Guzman ("Guzman"), a member and former shop steward of the Union. Defendants' papers state they move in the alternative for partial summary judgment.

The first cause of action charges the defendants with violating plaintiff's rights to freedom of speech and assembly under section 101(a)(2) of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 411(a)(2) (1985) ("LMRDA"), by excluding him from a shop steward's meeting; by the retention of a private investigator to maintain surveillance of him; and by causing his employer to reduce his hours of work.[1]

The third cause of action seeks contractual damages for breach of the constitutions of the Union and of the Service Employees International Union ("SEIU") pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 (1978).

The fourth cause of action is a pendent common law claim for the intentional infliction of emotional distress.

The Allegations of the Complaint

The complaint alleges that in January 1991, Guzman, a member and shop steward of the Union, began circulating a petition to fellow Union members protesting a hike in dues and the exorbitantly high salaries being paid by the Union to several of the defendants. Later that month, Guzman handed out the petition in the lobby of a hotel in which the shop stewards were about to meet. When Guzman approached the entrance to the ballroom in which the meeting was being held, he was denied entry by the defendants, purportedly because they were missing his new credentials as shop steward. When he returned to the lobby to distribute more petitions, defendants directed that he be expelled from the hotel.

About February 28, 1991, Guzman sent defendant Bevona, the Union president, a protest letter, together with the petition containing more than 400 signatures he had collected. Approximately three days later, on March 2, 1991, an unidentified man came to Guzman's apartment, questioned his neighbors as to his whereabouts and jammed a newspaper in his doorknob, presumably to ascertain when Guzman had returned to his apartment. The next morn-

---

1. The second cause of action alleges the defendants breached their fiduciary duties under section 501(a) of the Labor Management Relations and Disclosure Act of 1959 (29 U.S.C. § 501(a) by paying the private investigator with union funds.

ing another unidentified man knocked on Guzman's door and made a spurious inquiry to check whether Guzman was inside. Guzman saw the man leave the building and enter a parked car across the street where he sat watching Guzman's building. Guzman called the police who responded; nevertheless, the second unidentified man's surveillance of Guzman's building continued when the police departed.

Guzman became fearful of sleeping in his apartment under these conditions. Not certain of the purpose of the unidentified men's surveillance, he fled his apartment and sought refuge with others. His neighbors reported that the men were continuing to look for him.

The surveillance continued for over a month. Guzman complained to the Manhattan District Attorney's office and later was advised that the men were agents of a private investigation service employed by the Union to surveil Guzman. Soon thereafter Guzman's work hours as a porter at the World Trade Center were reduced without explanation. The Union's attorney later acknowledged that the investigators had been hired by Bevona to surveil Guzman and that the expenditure had been approved by the defendants.

### Discussion

■ In a motion to dismiss pursuant to Rule 12(b)(6), the allegations of the complaint must be treated as true and all reasonable inferences must be made in favor of the non-moving party. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Madonna v. United States,* 878 F.2d 62, 65 (2d Cir. 1989). In addition, a motion to dismiss pursuant to Rule 12(b)(6) must be tested solely by the allegations contained in the complaint, by any document attached to it as an exhibit or incorporated in it by reference. *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 773 (2d Cir.1991); *Cosmas v. Hassett,* 886 F.2d 8, 13 (2d Cir.1989); *Goldman v. Belden,* 754 F.2d 1059, 1065–66 (2d Cir. 1985), or by any documents not attached to or incorporated in the complaint but integral to it. *I. Meyer Pincus & Assoc. v. Oppenheimer & Co.,* 936 F.2d 759, 762 (2d

Cir.1991). The complaint quotes from the Union's constitution, and defendants on this motion seek to cite other portions of the constitution to support their arguments. Accordingly, they have denominated their motion alternatively as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Plaintiff objects that it has not yet received document discovery pursuant to requests for production or taken any depositions of the defendants; that the constitutions have been amended several times; and that it needs discovery to verify the full text of each constitution in effect at relevant times. Plaintiff's objection is proper under Rule 56(f). Accordingly, plaintiff's request is granted, and the defendants' motion will not be treated as one under Rule 56.

Plaintiff's First Cause of Action

■ The Labor Management Reporting and Disclosure Act guarantees the freedom of union members to discuss union policies and criticize their leadership without fear of reprisal. *United Steelworkers v. Sadlowski,* 457 U.S. 102, 112, 102 S.Ct. 2339, 2346, 72 L.Ed.2d 707, *reh'g denied,* 459 U.S. 899, 103 S.Ct. 199, 74 L.Ed.2d 160 (1982). Section 101(a) of the LMRDA protects union members who are retaliated against for criticizing their union's leadership. Section 101(a)(2) reads in pertinent part:

> Freedom of speech and assembly. Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings.

This language covers members who circulate petitions outside union meetings. *Morrissey v. National Maritime Union of America,* 544 F.2d 19 (2d Cir.1976).

■ Defendants do not challenge Guzman's right to petition as a member. They

seek only to challenge his claim that they had no right to exclude him from the shop stewards' meeting. Guzman maintains that his exclusion from the meeting was in retaliation for his actions in criticizing the Union's leadership and that, accordingly, his exclusion violated section 101(a). *Sheet Metal Workers' Int'l Ass'n v. Lynn,* 488 U.S. 347, 109 S.Ct. 639, 102 L.Ed.2d 700 (1989) (business agent member of union removed from office for criticizing dues increase), supports plaintiff's position. Defendants argue that *Lynn* only applies to elected Union officials and that Guzman was appointed to the position of shop steward. Plaintiff's brief states that he has grounds to argue he was elected,[2] but it also points out that, under section 101 the rights of appointed staff members are only clearly limited if they hold policy-making positions in the Union administration, and Guzman was not a policy-making official. *Finnegan v. Leu,* 456 U.S. 431, 436–37, 441 & nn. 11–12, 102 S.Ct. 1867, 1870–71, 1873 & n.n. 11–12, 72 L.Ed.2d 239 (1982). *See also Sheet Metal Workers, supra,* 488 U.S. at 359–60, 109 S.Ct. at 646–47 (White, J., concurring). As the complaint does not allege that Guzman was appointed, defendants' motion as to the first cause of action is denied. *See Cosmas v. Hassett, supra.*

Third Cause of Action

■ Defendants' motion to dismiss the third cause of action under section 301 of the LMRA, 29 U.S.C. § 185, for breach of the constitutions of the Union and the SEIU on statute of limitations grounds was withdrawn at oral argument. Under N.Y.Civ.Prac.L. & R. 213 of the CPLR, a six-year statute of limitations applies. *Legutko v. Local 816, Int'l Brotherhood of Teamsters,* 606 F.Supp. 352 (E.D.N.Y.), *aff'd,* 853 F.2d 1046 (2d Cir.1988). This is not a hybrid section 301 action involving the employer as a defendant.

■ Defendants also claim that plaintiff may not recover damages for a violation of section 301(a) of the LMRA. The language of section 301(a) does not preclude damages. The most recent case in the Second

Circuit pertaining to section 301(a), *Shea v. McCarthy,* 953 F.2d 29, 32–33 (2d Cir.1992), allowed injunctive relief against union officers in an action brought by union members. It did not address the issue of whether damages are an alternative form of relief. Generally, in contract cases, damages are the form of relief. The Supreme Court has established that a union constitution is a contract within the meaning of section 301(a). *See United Ass'n of Journeymen v. Local 334, United Ass'n of Journeymen,* 452 U.S. 615, 621, 101 S.Ct. 2546, 2550, 69 L.Ed.2d 280 (1981). The plaintiff alleges that the defendants, under the Union's constitution and by-laws, agreed not to interfere with the rights of other members or "to injure the interests of other members" and that defendants interfered and injured plaintiff by actions beyond the scope of the duties delegated to them. Thus, the plaintiff's claims for damages under the Union constitution would appear to be proper as a claim for breach of contract. *Lewis v. Tuscan Dairy Farms, Inc.,* 752 F.Supp. 116, 122–23, 125 (S.D.N.Y.1990).

Defendants rely on section 301(b) of the LMRA to support their argument that damages are precluded under section 301(a). Section 301(b) merely protects union members from joint liability when a judgment is entered against their union. Here, Guzman is seeking damages only against the defendants and does not join the Union as a defendant. Accordingly, section 301(b) does not bar a claim for damages under section 301(a).

Fourth Cause of Action

Defendants' motion to dismiss the plaintiff's fourth cause of action, a pendent claim under the law of New York for intentional infliction of emotional distress, is denied. Precedents allow such a cause of action only against those "who by extreme and outrageous conduct intentionally or recklessly cause[s] severe emotional distress to another." *Fischer v. Maloney,* 43 N.Y.2d 553, 402 N.Y.S.2d 991, 992–93, 373 N.E.2d 1215 (1978) (quoting Restatement

---

**2.** His memorandum claims he was elected.

(Second) of Torts § 46(a)); *see Martin v. Citibank, N.A.*, 762 F.2d 212, 220 (2d Cir. 1985); *Kaminski v. United Parcel Service*, 120 A.D.2d 409, 501 N.Y.S.2d 871, 873 (1st Dep't 1986); *Galella v. Onassis*, 353 F.Supp. 196, 230–31 (S.D.N.Y.1972) *aff'd in part, rev'd in part on other grounds*, 487 F.2d 986 (2d Cir.1973).

Discovery may establish sufficient facts to permit the trier of fact to determine that one or more of the defendants intended to put plaintiff in fear of his life or well being, *i.e.*, to terrorize the plaintiff. Under these circumstances, the motion to dismiss the fourth cause of action is denied. After discovery, of course, a motion raising the issue based on the absence of supporting evidence may be appropriate.

█ Lastly, defendants claim that, because Guzman filed an unfair labor practice charge with the National Labor Relations Board ("NLRB") against the Union for having his work hours reduced, he is preempted from making a claim based on the same allegations in this action. Plaintiff's counsel points out, however, that (1) the defendants' counsel requested that the NLRB take no action inasmuch as Guzman's claims involved internal Union conduct and that, accordingly, the NLRB was without jurisdiction and (2) as a result of the Union's request, the NLRB has chosen to take no further action. With respect to the NLRB's jurisdiction over such a charge, plaintiff points out that the defendants have not provided any legal support for their contention that as a matter of law a union commits an unfair labor practice if it retaliates against a member's exercise of LMRDA-protected free speech by interfering with his work. Plaintiff also observes that the Second Amended Complaint does not claim that his work hour reduction was "induced by the Union." Since Guzman's section 301 cause of action alleges only internal Union constitutional violations and not violations pertaining to organizing or collectively bargaining, it is not preempted by the NLRB. *Farmer v. United Brotherhood of Carpenters*, 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977).

The defendants' motion to dismiss is denied.

IT IS SO ORDERED.