[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
At issue here is whether allegedly false accusations of criminal and other job-related misconduct made by an employer about two employees constitute the type of extreme and outrageous conduct necessary to support a claim of intentional infliction of emotional distress. The court holds that, in this case, the allegations are insufficient. Accordingly, the court grants the defendants' motion to strike.
BACKGROUND
The amended complaint alleges that plaintiffs Regina Canty and Lisa Wilson were employees of the defendant law firm, Rubenstein Sendy, LLC, and the defendant principals, Bruce Rubenstein and Katherine E. Sendy. According to the complaint, in March, 1998, Canty advised the defendants that they were committing unethical and criminal behavior in CT Page 8772 their law practice and that Canty would not participate in such activities in the future. Soon thereafter, Wilson allegedly learned that the defendants intended to fire Canty for her resistance. Wilson told her employers that she supported Canty.
On May 3, 1998, the defendants allegedly summoned the Hartford Police to their offices and informed them that Canty was being terminated from employment for various criminal and unethical acts of her own. Among these acts were demanding that another employee go outside and fight, displaying in the office a paper depicting a large hunting knife, and gaining access to private computer information. On May 4, 1998, the defendants allegedly recalled the Hartford Police and reported a breach of the peace, apparently based on similar behaviors by both Canty and Wilson. The defendants, according to the complaint, repeated these allegations to other employees, clients, and members of the public knowing that, or with reckless disregard of whether, the allegations were false. The defendants terminated Canty's and Wilson's employment that day. There is no allegation, however, that the police made any arrests.
Based on these allegations, the plaintiffs seek to recover for intentional infliction of emotional distress in counts four and seven of the amended complaint. The defendants move to strike these counts.
DISCUSSION
The court construes the allegations in a light most favorable to the plaintiff on a motion to strike. See Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). The question here is whether the allegations establish that the defendants' conduct was "extreme and outrageous," which is an essential element of the tort of intentional infliction of emotional distress. See DeLaurentis v. NewHaven, 220 Conn. 225, 266-67, 597 A.2d 807 (1991). This question is initially one of law for the court to decide. See Appleton v. Board ofEducation, 254 Conn. 205, 210, 757 A.2d 1059 (2000).
The Supreme Court has provided the following explanation of the phrase "extreme and outrageous":
 Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to CT Page 8773 exclaim: `Outrageous!' . . . Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress."
(Internal quotation marks omitted). Appleton v. Board of Education, supra, 254 Conn. 211.
The Connecticut appellate courts have not addressed the question of whether false accusations of criminal behavior constitute extreme and outrageous employer conduct. Cf. Morris v. The Hartford Courant,200 Conn. 676, 680, 513 A.2d 66 (1986) (for purposes of a wrongful termination action, "[a] false but negligently made accusation of criminal conduct as a basis for dismissal is not a demonstrably improper reason for dismissal . . . and is not derived from some important violation of public policy.") (internal quotation marks omitted). Some courts in other jurisdictions, applying similar standards, have held that false criminal accusations by employers do not constitute extreme and outrageous behavior. See Daemi v. Church's Fried Chicken, Inc.,931 F.2d 1379, 1388 (10th Cir. 1991); Sugarman v. RCA Corp.,639 F. Sup. 780, 787-88 (M.D. Pa. 1985). This court believes that an important factor is whether the allegedly criminal behavior was work-related. An employer should have some latitude in investigating possible employee misconduct. See Daemi v. Church's Fried Chicken, supra, 931 F.2d 1388. On the other hand, allegations of employee criminal behavior having nothing to do with work might more justifiably become extreme and outrageous. See Joffe v. Vaughn, 873 P.2d 299, 303
(Okla.Ct.App. 1993) (unsubstantiated employer allegations of homosexual behavior by fired television news anchor supported verdict of intentional infliction of emotional distress).
In the present case, the employer's allegations of criminal behavior all concerned the employees' performance on the job. Further, there were no aggravating factors such as a coerced confession to the alleged activity, cf. Casper v. Combustion Engineering, Inc., Superior Court, judicial district of Hartford, Docket No. CV 97-0570516S (June 23, 1998,Aurigemma, J.); Kaminski v. UPS,120 App.Div.2d 409,501 N.Y.S.2d 871, 872-73 (1986), or an actual arrest by the police and later dismissal of the charges. Cf.Olivas v. DeVivo Industries, Inc., Superior Court, Docket No. CV 99-0335908S (Feb. 28, 2001) (2001 WL 282891). Nor does the fact that the employer called the police, in apparent effort to assist with removing the discharged employees from the premises, constitute patently unreasonable conduct. See Appleton v. Board of Education, supra,254 Conn. 211-12. What remains in this case is a bitter dispute about job terminations based on allegations of work-related misconduct. False CT Page 8774 allegations in this context do not, in the court's view, constitute extreme and outrageous behavior.
CONCLUSION
For the foregoing reasons, this court grants the motions to strike counts four and seven.
It is so ordered.
CARL J. SCHUMAN JUDGE, SUPERIOR COURT