■ JAN B. BURBA et al., Respondents, v ROCHESTER GAS AND ELECTRIC CORPORATION, Appellant. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiffs' complaint alleges that the male plaintiffs were formerly employed by a contractor, Nisco, in construction of defendant's R. E. Ginna Nuclear Power Plant located in Ontario Center, New York; that during the construction work in 1973 and 1974, they received radiation which resulted in injury to them and that thereafter the plaintiffs here, husbands and wives, commenced actions against defendant to recover damages for those injuries which they allegedly sustained through defendant's fault. The complaint then alleges that as a result of plaintiffs' prior actions defendant published a company memorandum (referred to in the complaint as a "blacklist") prohibiting the employment of any of the plaintiffs on defendant's property by defendant or any other individual and that since the publication plaintiffs have sought such employment but been denied it because of the "blacklist." Their complaint seeks to recover damages in causes of action for (1) outrageous and intentional infliction of emotional distress, (2) intentional and malicious interference with the contract rights of the male plaintiffs, (3) violation of constitutional rights, and (4) violation of plaintiffs' rights under State and Federal statutes. Defendant moved to dismiss all causes of action contained in the complaint pursuant to CPLR 3211 (subd [a], par 7), to strike certain prejudicial matters and for other incidental relief. It appeals from Special Term's order insofar as it denied the motion to strike as prejudicial certain allegations of the complaint and also denied the motion to strike the first and second causes of action. The first cause of action should be dismissed. The elements of a cause of action for intentional infliction of emotional distress are: (1) an extreme and outrageous act by the defendant, (2) an intent to cause severe emotional distress, (3) resulting severe emotional distress, (4) caused by the defendant's conduct. At issue here is the nature of defendant's act in blacklisting plaintiffs and whether it is "outrageous" within the intendment of the law. It is generally stated that an action in tort for the intentional infliction of severe emotional stress may lie "for conduct exceeding all bounds usually tolerated by decent society" (Prosser,

Torts [4th ed], § 12, p 56) or, as the Restatement states, "where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community" (Restatement, Torts 2d, § 46, comment *d*). These definitions have been cited with approval by the Court of Appeals (see *Fischer v Maloney,* 43 NY2d 553, 557). Plaintiffs' claim here rests on their allegation that the "action of the defendant in publishing this blacklist was so shocking and outrageous, that it exceeded all reasonable bounds of decency" and the further allegation that Rochester Gas & Electric maliciously published the blacklist with intent to inflict "severe mental distress." The first allegation is insufficient because it is conclusory, not factual, and as to the second, motivation, no matter how reprehensible, does not constitute conduct within the rule described by Dean Prosser and the Restatement (see *Fischer v Maloney, supra; Nestlerode v Federal Ins. Co.,* 66 AD2d 504, 507). Thus, even accepting the allegations of the complaint as true, as we must, plaintiffs fail to state a cause of action for intentional infliction of emotional distress. Plaintiffs' second cause of action alleges that the male plaintiffs were members of labor unions in Rochester and Buffalo, that the unions had agreements with local contractors by which the contractors agreed to hire only union labor and that plaintiffs derived contractual rights with the contractors as a result of those agreements. The complaint then alleges that defendant, by its "blacklist", intentionally and without justification, induced the contractors to breach their contracts with the labor unions and that since the publication of the "blacklist", plaintiffs have sought employment with union contractors working on the property of defendant but have been denied employment directly as a result of the "blacklist". A cause of action for interference with contract property rights must allege (1) a valid contract, (2) defendant's knowledge of the contract, (3) defendant's intentional interference with it and a resulting breach, and (4) damages (*Israel v Wood Dolson Co.,* 1 NY2d 116; *Wegman v Dairylea Coop.,* 50 AD2d 108, mot for lv to app dsmd 38 NY2d 918; see, also, Restatement, Torts 2d, § 766; 2 NY PJI, p 832). Defendant's principal contention on this appeal is that the complaint fails to allege that defendant has breached any contract to which the male plaintiffs were parties. Plaintiffs have alleged that they were third-party beneficiaries of contracts between the union and the contractors, however (see *Associated Flour Haulers & Warehousemen v Hoffman,* 282 NY 173, 180-181), and the " ' "injury to a person's business by procuring others not to deal with him * * * if done without justifiable cause, is an actionable wrong" ' " (2 Cooley, Torts, § 230, as quoted in *Ryan v Brooklyn Eye & Ear Hosp.,* 46 AD2d 87, 91; see, generally, Liability of One Who Induces Termination of Employment of Another by Threatening to End Own Contractual Relationship with Employer, Ann., 79 ALR3d 672). (Appeal from order of Supreme Court, Monroe County, Patlow, J. — dismiss complaint.) Present — Dillon, P. J., Simons, Hancock, Jr., Denman and Moule, JJ.