■ SUSAN CLENNAN, Individually and as Parent and Natural Guardian of JOHN F. CLENNAN, an Infant, Respondent, v THOMAS COOKE et al., Defendants, and JANET STAUFENBERG, Appellant. [609 NYS2d 44] —In an action, *inter alia,* to recover damages for personal injuries, the defendant Janet Staufenberg appeals from an order of the Supreme Court, Suffolk County (Werner, J.), dated March 30, 1992, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her and for an award of costs and sanctions pursuant to CPLR 8303-a.

Ordered that the order is modified, on the law, by deleting the provision denying that branch of the motion which was for summary judgment and substituting therefor provisions granting that branch of the motion and dismissing the complaint insofar as asserted against the appellant; as so modified, the order is affirmed, with costs to the appellant.

We agree with the appellant's contention that the Supreme Court should have granted her motion for summary judgment dismissing the complaint insofar as it is asserted against her. Viewing the evidence in a light most favorable to the plaintiffs, as the parties opposing the motion, the appellant established, as a matter of law, her freedom from liability for alleged intentional infliction of emotional distress. The evidence adduced by the appellant demonstrated that the infant plaintiff gratuitously insulted a neighbor and his wife, after which the neighbor allegedly struck the infant plaintiff. The evidence established that the appellant witnessed the incident and is alleged to have clapped her hands in approval after the alleged assault by the neighbor. Indeed, in opposition to the appellant's motion for summary judgment, the plaintiffs' new attorney averred that the gravaman of the complaint against the appellant: "is that she was physically present when the infant plaintiff herein was injured; that she did nothing prior

to the incident to prevent the incident from occurring; that during the course of the incident, she did absolutely nothing from stopping the incident from proceeding and that after the incident had concluded, she clapped her hands in approval and verbally conferred with the defendant [neighbor]".

However, even if we accept all of the above as true, the plaintiffs still have failed to establish that the appellant's conduct was actionable. Indeed, the plaintiffs have failed to establish any of the elements of a cause of action for intentional infliction of emotional distress (see, Burba v Rochester Gas & Elec. Corp., 90 AD2d 984; see also, Fischer v Maloney, 43 NY2d 553; see generally, Prosser and Keeton, Torts § 12, at 59-60 [5th ed]; Restatement [Second] of Torts § 46, at 73). As the appellant established, as a matter of law, that the infant plaintiff possessed no cognizable claim for relief as against her, the Supreme Court should have granted her motion for summary judgment.

Under the circumstances presented here, we determine that sanctions are not warranted. Miller, J. P., Copertino, Santucci and Goldstein, JJ., concur.