**Richard L. EVANS, Plaintiff,**

v.

**The CREDIT BUREAU, Defendant.**

**No. 94–CV–6286T.**

United States District Court,
W.D. New York.

Nov. 16, 1995.

William J. Sedor, Rochester, NY, for plaintiff.

Denine K. Carr, Lacy, Katzen, Ryen & Mittleman, Rochester, NY, for defendant.

## DECISION AND ORDER

TELESCA, Chief Judge.

### INTRODUCTION

Plaintiff Richard L. Evans brings this action pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, claiming that the defendant published an erroneous credit report and as a result, he was denied a mortgage at Fleet Mortgage ("Fleet"), that he was unable to obtain other loans, and that when he eventually did receive loans, they were at "exorbitant" interest rates and was otherwise damaged.

Defendant Rochester Credit Center (incorrectly sued as The Credit Bureau) (hereinafter "the Bureau") moves for summary judgment on the ground that no genuine issue of material fact exists, and that the defendant is entitled to judgment as a matter of law. For the reasons set forth below, the defendant's motion for summary judgment is granted.

### BACKGROUND

In August of 1993, plaintiff applied for pre-approval of a mortgage loan with Fleet and on August 18, 1993, Fleet requested a copy of plaintiff's credit report from the Bureau which was provided the same day. Fleet thereafter denied plaintiff's application for pre-approval of a mortgage loan. The plaintiff alleges that the loan application was denied because of inaccurate information contained in the credit report prepared by defendant. Subsequent to the denial of the loan, plaintiff notified defendant of the incorrect information contained in the report. Specifically, plaintiff claims that (1) one account should not have been listed on the report because the account was not in his name; (2) a judgment in favor of Viking Credit was for an incorrect amount; (3) another account should have read "paid off" instead of "closed"; and (4) accounts should have been listed as discharged in bankruptcy instead of "charged off".

Plaintiff claims defendant was not responsive to his concerns, that it did not include a notation on his credit report that he disputed certain items, and that it failed to initiate an investigation of his dispute until months after he had informed the Bureau of the discrepancies. Additionally, plaintiff claims that when the investigation was eventually conducted, it was performed in an incomplete and inadequate manner. Finally, plaintiff asserts that despite repeated attempts to have defendant remove the alleged inaccuracies from his report, defendant failed to act on any of his direct requests or the requests made by a credit repair service he retained.

### DISCUSSION

#### I. *Defendant's Motion for Summary Judgment*

Summary judgment may not be granted unless the submissions of the parties taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Only disputes which arise over material facts, *i.e.*, those which might affect the outcome of the case under governing law, should preclude the entry of summary judgment in favor of a moving party. *Id.*

#### A. *Violation of FCRA § 1681i.*

The complaint alleges violations of both FCRA § 1681i and § 1681(c). However, the substance of the pleading together with the papers submitted both in support and in opposition to the summary judgment motion indicate that the Complaint intended to implicate section 1681i(c) and not section

1681(c). Therefore, this Court treats the claim as alleging a violation of section 1681i(c).

Credit reporting agencies are obligated to accurately report information obtained directly from available sources such as creditors or from public records. Section 1681i imposes responsibility upon the credit reporting agency to investigate claims of inaccurate reporting brought to its attention within a reasonable time and allow the consumer to make a statement of dispute to be placed in their credit record. *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir.1991). However, plaintiff incorrectly interprets FCRA to impose the additional responsibility upon the credit reporting agency to correct court records or other source information supplied by creditors.

For example, plaintiff presented the Ontario County Clerk's office with a Release between himself and Viking Credit which would then reflect the satisfaction of a recorded judgment in favor of Viking Credit against him. He does not argue that defendant did not accurately report the Viking Credit judgment as recorded in the public records of the Ontario County Court Clerk's office. Rather, plaintiff argues that it was defendant's obligation under their investigatory duties to remedy inaccuracies such as this even though the Clerk's office did not have the release on file in the records of the court when the records were initially examined.

■ FCRA does not require credit reporting agencies to alter inaccuracies in the public record. It imposes the obligation to correctly report that which appears on public records or from other credit reporting services. *See Williams v. Colonial Bank*, 826 F.Supp. 415 (M.D.Ala.1993), *aff'd*, 29 F.3d 641 (11th Cir.1994). A consumer's recourse for an inaccurate record is to contact the specific creditor or clerk's office to correct misinformation. Similarly, (as in this case) if plaintiff believes that a debt should have been discharged in bankruptcy and was not so reported in the Bankruptcy Court Clerk's Office, his remedy was to reopen the proceeding to add the debt to the Schedule of Creditors so that it can be properly discharged. *See* 11 U.S.C. § 350(b). That responsibility is not shifted to the credit reporting agency.

■ Even if plaintiff could demonstrate that defendant violated § 1681i by inaccurately reporting available information, he fails to present any evidence that he was damaged thereby. The only evidence supplied in support of plaintiff's claim for damages is an affidavit from a Fleet loan officer which indicated that he read a credit report prepared by the defendant which he referred to in the process of evaluating plaintiff's loan application. However, the Fleet employee also explains that he denied the pre-screening application because plaintiff did not meet the minimum standard requirements for the loan packages because the records revealed that he had filed for bankruptcy within two years prior to the application. Therefore, plaintiff cannot demonstrate any connection between any inaccuracy in the credit report issued by defendant and plaintiff's failure to obtain pre-approval for a loan application from Fleet.

■ Plaintiff also claims that the Bureau's failure to comply with FCRA resulted in the denial of loan applications or the payment of excessive interest rates for those applications which were approved. However, plaintiff's attorney's affidavit submitted in opposition to defendant's motion for summary judgment only makes bald assertions that the "[Bureau] did not respond, nor as far as it can be determined, there was no formal investigation until months later." Whether plaintiff disputed the report in August of 1993 as he contends or in December of 1993 as defendant contends, is of no consequence because plaintiff still failed to present affirmative evidence that he was in fact denied a loan application or required to pay excessive interest rates because of the alleged incorrect information contained in the credit report.

■ Also, summary judgment in favor of defendant is appropriate because plaintiff fails to present admissible evidence in opposition to the summary judgment motion to establish a triable issue of fact except for his attorney's affidavit. In contrast, defendant submitted evidence through affidavit and de-

position testimony of persons connected with conducting the investigation stating that a thorough and comprehensive investigation was conducted in response to plaintiff's dispute. Plaintiff fails to submit specific evidence to refute these facts or to show that the information in the credit report was false. Mere conclusory allegations or denials do not suffice in opposition to a motion for summary judgment. *Delaware & Hudson Ry. Co. v. Consolidated Rail Corp.*, 902 F.2d 174, 178 (2d Cir.1990), *cert. denied,* 500 U.S. 928, 111 S.Ct. 2041, 114 L.Ed.2d 125 (1991).

■ Moreover, plaintiff failed to submit affidavits based on personal knowledge as required by Federal Rule of Civil Procedure 56(e) but instead submitted only an attorney affidavit which purports to attest to the information contained therein. *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir.1988). An affidavit made on secondhand information and hearsay is not made on the personal knowledge of the affiant for purposes of Rule 56(e). *Spence v. Maryland Cas. Co.*, 803 F.Supp. 649, 664 (W.D.N.Y. 1992), *aff'd,* 995 F.2d 1147 (2d Cir.1993). Nor can it be a substitute for plaintiff's personal affidavit or the personal affidavit of anyone else offering relevant evidence in opposition to the defendant's motion for summary judgment.

Accordingly, plaintiff's claims for violations of FCRA § 1681i are dismissed.

### B. *Intentional Infliction of Emotional Distress.*

■ Plaintiff alleges a claim for intentional infliction of emotional distress because defendant's alleged conduct caused plaintiff "loss of sleep" and "embarrassment" for having been denied credit. Plaintiff characterizes defendant's failure to change allegedly false information on his credit report as "extreme conduct" in "today's economy".

■ To recover on a claim of intentional infliction of emotional distress under New York law, plaintiff must prove:

1. an extreme and outrageous act by the defendant,

2. an intent to cause severe emotional distress,

3. resulting severe emotional distress,

4. caused by defendant's conduct. *Sabatowski v. Fisher Price Toys,* 763 F.Supp. 705, 716 (W.D.N.Y.1991), *quoting, Burba v. Rochester Gas and Electric Corp.,* 90 A.D.2d 984, 456 N.Y.S.2d 578, 579 (4th Dep't 1982).

The tort of intentional infliction of emotional distress "predicates liability on the basis of extreme and outrageous conduct which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society." *Freihofer v. Hearst Corp.,* 65 N.Y.2d 135, 143, 490 N.Y.S.2d 735, 480 N.E.2d 349 (1985). Plaintiff fails to set forth any evidence of such extreme and outrageous behavior. Even if plaintiff could demonstrate that defendant failed to correct the alleged inaccuracies in his credit report, that conduct does not constitute "extreme and outrageous conduct" which would support the claim for intentional infliction of emotional distress.

WHEREFORE, for the reasons stated above, defendant's motion for summary judgment dismissing the plaintiff's Complaint is granted in its entirety.

ALL OF THE ABOVE IS SO ORDERED.