09-0188-cv
Burns v. Bank of America

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of January, two thousand ten.

Present:
           WILFRED FEINBERG,
           ROBERT A. KATZMANN,
                     *Circuit Judges*,
           P. KEVIN CASTEL,
                     *District Judge*.[*]

_____

KEVIN E. BURNS, BARBARA R. BURNS,

           *Plaintiffs-Appellants*,

RENEE A. DE FINA,

           *Plaintiff*,

                     v.                                   No. 09-0188-cv

BANK OF AMERICA, its affiliates, subsidiaries, and agents including, but not limited to, BA MORTGAGE

           *Defendants-Appellees*.

_____

_____

     [*] The Honorable P. Kevin Castel, United States District Judge for the Southern District of New York, sitting by designation.

For Plaintiffs-Appellants:    KEVIN E. BURNS and BARBARA R. BURNS, Eden Prarie, MN

For Defendants-Appellees:    STEVEN S. RAND, Zeichner, Ellman & Krause, New York, NY


Appeal from the United States District Court for the Southern District of New York (Berman, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiffs-Appellants Kevin Burns and Barbara Burns ("Plaintiffs") appeal the December 4, 2008 order of the district court granting summary judgment to Defendants-Appellees, as well as the court's "prior orders," which we take to mean the June 28, 2006 order granting in part and denying in part Defendants-Appellees' motion to dismiss. In their briefs to this Court the Plaintiffs also lodge a variety of allegations of misconduct against Judge Berman of the district court. We assume the parties' familiarity with the underlying facts and procedural history of the case.

In their appeal of the district court's rulings, Plaintiffs principally rely on the papers they submitted in support of their motion for summary judgment below. We have reviewed the Plaintiffs' claims and we affirm the district court's orders of June 28, 2006 and December 4, 2008 substantially for the reasons stated in those opinions.

As to Plaintiffs' contention that they have "presented a Record to this court that is persuasive, if not unequivocal, that Judge Berman was and is pre-disposed to rule against the Plaintiff[s]," we disagree. The majority of the Plaintiffs' "Statement of Facts and Order Challenged" in its primary brief is devoted to recounting Judge Berman's alleged misconduct in the proceedings below, but most of these accusations are accompanied by vague citations to the

record that provide us with little guidance as to where to find evidence of such improprieties. *See* Fed. R. App. P. 28(a)(9)(A) ("The appellant's brief must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."); Fed. R. App. P. 30(a)(1)(D) (stating that appellants "must prepare and file an appendix to the briefs containing . . . parts of the record to which the parties wish to direct the court's attention").

The allegations that are accompanied by specific (if imprecise) citations to the record are wholly without merit and often predicated on blatant misrepresentations of the facts. For example, Plaintiffs misleadingly assert that the Chief Judge of the Southern District "commissioned an investigation" into Judge Berman's conduct; the letter they cite from then-Chief Judge Wood, informing Barbara Burns that her letter (presumably regarding Judge Berman's alleged misconduct) had been referred to the Pro Se and Clerk's Office Committees of the District Court, indicates no such "investigation."

Because Plaintiffs have failed entirely to support their allegations, we decline to consider them. *See Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 133 (2d Cir. 2004) (noting that failure to comply with Rule 28 is grounds for this Court to dismiss an appeal); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____