Ahmed v Carrington Mtge. Servs., LLC (2020 NY Slip Op 07337)





Ahmed v Carrington Mtge. Servs., LLC


2020 NY Slip Op 07337


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2019-13407
 (Index No. 15575/13)

[*1]Lofty Rashed Ahmed, appellant, 
v
Carrington Mortgage Services, LLC, respondent, et al., defendant.


Blodnick, Fazio & Clark, Babylon, NY (Adam Crowley and James E. Clark of counsel), for appellant.
Knuckles Komosinski & Manfro, LLP, Elmsford, NY (John E. Brigandi of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and violation of the Fair Credit Reporting Act (15 USC § 1681 et seq.), the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), entered August 9, 2019. The judgment, upon a decision dated November 26, 2018, made after a nonjury trial, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff owns certain real property located in Lake Grove (hereinafter the subject property), which was encumbered by a mortgage executed in 2006 (hereinafter the mortgage). On July 1, 2007, the defendant Carrington Mortgage Services, LLC (hereinafter the defendant), assumed servicing the plaintiff's mortgage. On September 29, 2009, the plaintiff entered into a loan modification agreement with the defendant. Article II(C) of the loan modification agreement provided that the "modified loan will be escrowed for payment of taxes and/or insurance," and the escrow portion of the plaintiff's payments would be $129.08. Article II(D) of the loan modification agreement provided that the plaintiff's "total monthly payment of principal, interest, taxes and insurance" would be $2,162.33 "(subject to annual escrow analysis)."
By the filing of a summons and complaint dated June 7, 2013, the plaintiff commenced this action, alleging that the defendant breached the loan modification agreement by failing to remit timely payment of property taxes to the County of Suffolk, and that the defendant violated the Fair Credit Reporting Act (15 USC § 1681 et seq.) (hereinafter the FCRA) by improperly deeming the plaintiff's modified monthly escrow payment insufficient and making negative reports to credit reporting bureaus, thereby damaging the plaintiff's credit rating.
In 2016, the defendant moved for summary judgment dismissing the complaint, and the plaintiff cross-moved, inter alia, for summary judgment in his favor on his breach of contract cause of action. By order dated February 17, 2017, the Supreme Court held, among other things, that the defendant failed to establish its prima facie entitlement to summary judgment dismissing the [*2]breach of contract cause of action, and that the plaintiff had established his entitlement to summary judgment on the issue of liability on that cause of action. In addition, in effect, upon searching the record, the Supreme Court determined that the plaintiff established his entitlement to summary judgment on the issue of liability on his FCRA cause of action.
After conducting a nonjury trial on the issue of damages, the Supreme Court determined, inter alia, that the plaintiff had failed to establish any damages on his breach of contract and FCRA causes of action. By judgment entered August 9, 2019, the court dismissed the complaint. The plaintiff appeals.
Contrary to the plaintiff's contentions, the doctrine of law of the case did not prevent the Supreme Court from determining, after trial, that the plaintiff failed to prove that he had sustained damages on his breach of contract and FCRA causes of action. "The doctrine of the law of the case seeks to prevent relitigation of issues of law that have already been determined at an earlier stage of the proceeding" (Brownrigg v New York City Hous. Auth., 29 AD3d 721, 722; see People v Evans, 94 NY2d 499, 502-503). In contrast to res judicata and collateral estoppel, which are rigid rules of limitation, "'law of the case is a judicially crafted policy that expresses the practice of courts generally to refuse to reopen what has been decided, [and is] not a limit to their power. As such, law of the case is necessarily amorphous in that it directs a court's discretion, but does not restrict its authority'" (Matter of Mazur Bros. Realty, LLC v State of New York, 117 AD3d 949, 952, quoting People v Evans, 94 NY2d at 503). Moreover, "this Court is not bound by the Supreme Court's prior determination pursuant to the law of the case doctrine" (Odierna v RSK, LLC, 171 AD3d 769, 772; see White Plains Plaza Realty, LLC v Town Sports Intl., LLC, 79 AD3d 1025, 1027; Wynkoop v County of Nassau, 139 AD2d 731, 732).
We agree with the Supreme Court's determination that the plaintiff failed to prove damages on the breach of contract cause of action. "To prevail on a cause of action alleging breach of contract, the plaintiff must demonstrate that it sustained 'actual damages as a natural and probable consequence' of the defendant's breach" (Family Operating Corp. v Young Cab Corp., 129 AD3d 1016, 1017, quoting Rakylar v Washington Mut. Bank, 51 AD3d 995, 996). Here, the plaintiff testified that the defendant paid the property taxes on the subject property, which was confirmed by the testimony of the defendant's representative, as well as documentary evidence. The defendant's representative further testified that the defendant typically pays property taxes on behalf of borrowers by the due date. Although the plaintiff testified that he received letters from Suffolk County informing him that the property taxes were not paid and that "they usually have a penalty," there was no further testimony, nor any documentary evidence, to establish nonpayment, the amount of any penalty, or whether the plaintiff paid any penalties or late fees for the defendant's alleged failure to timely pay property taxes on the subject property.
Furthermore, to the limited extent that the plaintiff alleged a viable claim under the FCRA, we also agree with the court's determination that the plaintiff failed to establish damages on the FCRA cause of action. While "actual damages, costs, and attorneys' fees are . . . available against entities who are negligent in failing to comply with certain provisions of the FCRA" (Nguyen v Ridgewood Sav. Bank, 66 F Supp 3d 299, 304 n 8; see 15 USC § 1681o; Safeco Ins. Co. of Am. v Burr, 551 US at 53), the plaintiff failed to demonstrate that he sustained any actual damages as a result of the defendant's actions (see generally Burns v Bank of Am., 655 F Supp 2d 240, 250, affd 360 Fed Appx 255). The plaintiff failed to prove through admissible evidence that he was denied credit or that his costs of obtaining credit were increased because of the allegedly incorrect information reported by the defendant (see Smith v Santander Consumer USA, Inc., 703 F3d 316, 317; Caltabiano v BSB Bank & Tr. Co., 387 F Supp 2d 135, 141; Trikas v Universal Card Services Corp., 351 F Supp 2d 37, 45; Evans v Credit Bur., 904 F Supp 123, 126).
In view of the foregoing, we need not reach the parties' remaining contentions.
MASTRO, J.P., ROMAN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court