OPINION OF THE COURT
Madonna Stahl, J.
This is an action by plaintiff to collect the balance due on a promissory note signed by the defendants on October 1, 1981; at the same time the defendants executed a mortgage on their residence. (The note and mortgage were originally given to Domestic Finance Corp. which subsequently sold and assigned both instruments to the plaintiff herein.)
In the spring of 1982, Mr. and Mrs. Polomaine experienced marital problems and subsequently defaulted on their obligation to make monthly payments to plaintiff. Each of the *79 defendants was represented at this point in time by an attorney.
Sometime after plaintiff notified the defendants that foreclosure proceedings would be instituted shortly if the default was not corrected, the defendants apparently found a purchaser for the house. Defendant Harry Polomaine’s attorney then spoke to plaintiff about getting a discharge of mortgage so the property could be sold.
On September 22, 1982, plaintiff confirmed an agreement with Mr. Polomaine’s attorney "to give you a Discharge of Mortgage upon receipt of (approximately $5,100). In so doing, you will not have a cloud on the property title, thus enabling the new purchaser to complete the transaction.” This confirmation was in the form of a letter to the husband’s attorney, with a carbon copy to the wife’s attorney.
A discharge of mortgage was given by plaintiff on November 17, 1982 and the property was sold, from which the plaintiff actually received only $4,773.68 from the proceeds, leaving a balance due of $4,225.61 on the original obligation.
On or about December 21, 1982, plaintiff instituted this action against both defendants for the balance due on the promissory note. Thereafter, Mr. Polomaine’s debts were discharged in bankruptcy, leaving Mrs. Polomaine as the only available debtor to pursue.
Mrs. Polomaine’s attorney argues that plaintiff has no cause of action because there was no written agreement by Mrs. Polomaine to remain liable after the delivery of the discharge of mortgage, which he maintains was also a "satisfaction.” He further argues that the husband’s attorney and the plaintiff effected an accord and satisfaction since a substantial amount of money was paid to the plaintiff and plaintiff agreed to deliver a discharge of mortgage. Again, he argues that the discharge of mortgage was evidence of a satisfaction of the obligation.
I find no merit in either argument. Defendant confuses the mortgage with the note, or underlying obligation. "A real property mortgage is a lien or security upon the mortgaged premises as an incident to the debt or other obligation which it is intended to secure. As between the parties, the bond or other evidence of indebtedness is the principal obligation and the mortgage is collateral security for its payment.” (38 NY Jur, Mortgages and Deeds of Trust, § 51 [emphasis added].)
We have before us only two writings after the execution of *80 the original instruments: the letter from plaintiff dated September 22, 1982 in which plaintiff agreed to discharge the mortgage if payment in the approximate amount of $5,100 was received, and the discharge of mortgage dated November 17, 1982. Neither writing says a single word about the satisfaction of the debt, the note, or the underlying obligation.
Furthermore, it should be noted that the discharge of mortgage does not state the amount of the mortgage, the amount received in payment or whether the debt is fully or partially paid. The language of this instrument pertains solely to the mortgage itself. Conversely, a satisfaction of judgment states amounts and whether fully or partially satisfied. Thus, the discharge of mortgage cannot be construed as a satisfaction of the debt.
The underlying obligation, as evidenced by the note, survives the discharge of the mortgage. In other words, by giving the discharge of mortgage, the plaintiff gave up only an "incident” to the debt, its right to bring a foreclosure action. It did not give up its right to bring an action to recover from the parties themselves.
The second paragraph of the loan agreement specifically states "responsibility of borrower and co-borrowers: Each person who signs this agreement is equally responsible for keeping all of the promises in this agreement.” Angeline M. Polomaine signed the note as coborrower.
Judgment for plaintiff against Angeline M. Polomaine in the amount of $4,225.61 with interest from November 22, 1982 plus costs and disbursements.