(October 8, 1992)

■ CONNECTICUT NATIONAL BANK, Appellant, v CHARLES HACK, Respondent.—Order, Supreme Court, New York County (Walter M. Schackman, J.) entered March 9, 1992, which denied plaintiff-appellant's motion pursuant to CPLR 3213 for summary judgment in lieu of complaint, is unanimously reversed on the law and the motion is granted, with costs. The clerk is directed to enter a judgment in favor of the plaintiff-appellant in the sum of $400,791.57 plus interest.

On September 8, 1987 the plaintiff bank loaned the defendant $800,000. Defendant-respondent, in exchange for the loan, executed a promissory note for that amount payable on demand. The note, which did not contain a general merger clause, provided that payment could be made in 71 monthly installments of $700 in principal plus accumulated interest, with the final payment of the outstanding balance due on September 8, 1993 unless the bank demanded payment prior thereto. In conjunction with the promissory note defendant-respondent, as mortgagor, executed an $800,000 mortgage on certain property he owned in Berkshire County, Massachusetts.

In May 1991 the defendant-respondent defaulted on the note. The bank gave its consent for defendant-respondent to sell the mortgaged Massachusetts property and applied the proceeds of the sale in reduction of defendant-respondent's outstanding liability. However, the defendant-respondent remained unable to meet his monthly payment obligations. On October 4, 1991 the plaintiff issued a demand letter demanding payment of $400,791.57 in outstanding principal and accrued unpaid interest by October 9, 1991.

By notice of motion dated October 28, 1991 plaintiff-appellant moved for summary judgment in lieu of complaint seeking the outstanding $400,791.57 due on the note. In opposition,

the defendant-respondent alleged that the bank had agreed to a written proposal in which he offered: (1) to sell the mortgaged premises for at least $400,000 and give the proceeds to the bank; (2) to pay the plaintiff an additional $50,000; and (3) to assign to plaintiff his interest in several additional assets in full satisfaction of the outstanding debt. Defendant-respondent failed to produce either the written "proposal" he allegedly sent to the bank or any other letter or memo to evidence the alleged modification of the promissory note. Instead, defendant relied on the bank's alleged acquiescence to the private sale of the mortgaged premises and the attendant application of the proceeds as evidence of part performance sufficient to raise a triable issue concerning the alleged oral modification.

The promissory note executed by defendant-respondent did not contain a general merger clause. Accordingly, the terms of the note could have been modified orally so long as the modification was supported by adequate consideration *(see, Rose v Spa Realty Assocs.,* 42 NY2d 338; *Federal Deposit Ins. Corp. v Hyer,* 66 AD2d 521, *appeal dismissed* 47 NY2d 951). In this case, however, defendant-respondent's unsupported allegations fail to raise a triable issue concerning the alleged modification. Payment to the bank of the proceeds of the sale of the mortgaged premises, as to which the bank was already the mortgagee, evinces only partial payment of defendant-respondent's outstanding debt obligations. Such part payment is insufficient consideration to support the alleged oral modification *(Parmelee v Thompson,* 45 NY 58; *Federal Deposit Ins. Corp. v Hyer, supra,* at 528-529). Further, since a mortgage is merely collateral security for the payment of a debt *(Johnson v Augsbury Org.,* 167 AD2d 783, 784; *Signal Fin. v Polomaine,* 137 Misc 2d 78; 38 NY Jur, Mortgages and Deeds of Trust, § 51) defendant-respondent cannot rely on the satisfaction of the mortgage to create issues concerning modification or satisfaction of the debt.

The defendant-respondent offered no extrinsic evidence or any writings, but rather, relied on conclusory, self-serving, facially unpersuasive evidence. This is insufficient to defeat a motion for summary judgment *(New York State Urban Dev. Corp. v Marcus Garvey Brownstone Houses,* 98 AD2d 767, 770-771). Concur—Murphy, P. J., Rosenberger, Ross and Kassal, JJ.