OPINION OF THE COURT
Thomas A. Stander, J.
The defendants, ACM Medical Laboratory, Inc. (ACM) and Walter A. Mason, Ph.D. (Mason), submit a motion seeking summary judgment dismissing the complaint on the ground that there is no triable issue of fact; or in the alternative, an order dismissing plaintiff’s claims for punitive damages on the ground that punitive damages may not be awarded for breach of contract. The defendant, ACM, submits a further motion seeking summary judgment on defendant’s counterclaim on the ground that there is no triable issue of fact and that the obligation is owed under an instrument for the payment of money only.
The plaintiff, Robert D. Cohen (Cohen), submits a cross motion seeking summary judgment on all causes of action in the complaint and summary judgment dismissing the defendant’s counterclaim.
I. SUMMARY JUDGMENT ON THE COMPLAINT
Both the plaintiff and the defendants seek summary judgment in their favor on the complaint. The complaint alleges three causes of action: first cause of action against defendant ACM for breach of the alleged January 1997 employment agreement; second cause of action against defendant ACM for *132 breach of the 1994 employment agreement; and third cause of action against Mason alleging a violation of Labor Law § 193.
A. First Cause of Action for Breach of Contract
The plaintiff alleges that ACM breached a 1997 employment agreement between the parties. However, both parties concede that there is no signed 1997 employment agreement between Cohen and ACM.
Cohen had been employed by ACM pursuant to an employment and noncompetition agreement dated December 15, 1994 (1994 Agreement) which expired December 31, 1996. This 1994 Agreement contains a clause that “[i]t may not be changed except by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification, extension or discharge is sought.” When the 1994 Agreement was reaching its expiration date, and no new agreement had been entered into, a letter from Walter Mason, President and Chief Executive Officer of ACM, was sent to Cohen extending the terms and conditions of his present contract by changing the termination date until a new agreement was reached. Under the provisions of the 1994 Agreement, the Agreement was then changed because the company signed the extension and the company is the party against whom enforcement would have been sought.
Thereafter, pursuant to the affidavits and attached exhibits submitted herein, it is apparent that the attorneys for the parties were negotiating an employment agreement between Cohen and ACM. After various correspondence and conversations, a document entitled employment and noncompetition agreement (1997 Agreement) was executed by Cohen dated April 24, 1997. This 1997 Agreement was forwarded to counsel for ACM for execution. ACM never executed the 1997 Agreement.. On June 10, 1997 Cohen was terminated as an employee of ACM.
The parties each rely on a New York Court of Appeals case to assert their respective positions regarding whether a contract was entered into by the 1997 Agreement.
The defendants cite Scheck v Francis (26 NY2d 466, 469-470 [1970]) which states “[fit is well settled that, if the parties to an agreement do not intend it to be binding upon them until it is. reduced to writing and signed by both of them, they are not bound and may not be held liable until it has been written out and signed.” The facts in the instant case are quite similar to the Scheck case. The letters from Edward Trewett to Glenn *133 Pezzulo dated April 16, 1997 and April 18, 1997 are enclosure letters of a revised employment agreement, with changes noted, and with a closing to call if there are further questions or concerns. The May 1,1997 letter from Glenn Pezzulo to Edward Trewett encloses the agreements signed by Cohen, with a statement “please have your client [ACM] sign both copies and return one to me for my file.”
From a review of this exchange of correspondence, there is nothing in the letters from Trewett which establishes a contractual relationship between the parties or sets forth essential terms of the contract. In addition, the letter from Pezzulo manifests an intent that the agreement needed to be signed by ACM. Furthermore, during the negotiations for a new 1997 Agreement, the plaintiff, Cohen, was employed pursuant to a written continuation of the 1994 Agreement. Such 1994 Agreement required any changes to be in writing and signed by the party against whom enforcement is sought. In this case ACM would have to sign the 1997 Agreement in order for the 1994 Agreement and extension to be terminated and the terms of the 1997 Agreement to be effective against the company.
The plaintiff relies upon Matter of Municipal Consultants & Publs. v Town of Ramapo (47 NY2d 144, 148-149 [1979]) which states: “Generally, where the parties contemplate that a signed writing is required there is no contract until one is delivered [citations omitted]. This rule yields, however, when the parties have agreed on all contractual terms and have only to commit them to writing. When this occurs, the contract is effective at the time the oral agreement is made, although the contract is never reduced to writing and signed. Where all the substantial terms of a contract have been agreed on, and there is nothing left for future settlement, the fact, alone, that it was the understanding that the contract should be formally drawn up and put in writing, did not leave the transaction incomplete and without binding force, in the absence of a positive agreement that it should not be binding until so reduced to writing and formally executed [citations omitted] * * * There was no understanding or agreement that the contract would not be binding until both parties had signed it, and therefore it is enforceable although it was never memorialized with a mutually signed writing.” The plaintiff asserts that an agreement was reached between Cohen and ACM so as to have an enforceable contract even though it was not memorialized in a mutually signed writing. However, the plaintiff has failed to submit proof *134 which raises a question of fact regarding the parties’ intent to have an enforceable contract before it was memorialized in writing.
All the evidence presented supports a holding under the reasoning in Scheck (supra) that it was the intention of the parties that a signed writing was required before an agreement existed. Therefore, the defendant ACM’s motion for summary judgment dismissing the first cause of action in the complaint is granted.
The plaintiffs motion for summary judgment on the first cause of action is denied.
B. Second Cause of Action for 1996 Bonus
The plaintiff alleges a breach of the employment and non-competition agreement, entered into on December 15, 1994 between ACM and Cohen, by ACM failing to pay the contractual bonus for the year 1996. The 1994 Agreement requires ACM to pay Cohen an annual bonus based on the terms and conditions set forth in exhibit A to the agreement.
Cohen alleges that he was not paid his full 1996 bonus. He was, however, paid two thirds of the bonus figure for the employment period ending December 31, 1996. Per a memorandum of W.A. Mason dated March 11, 1997, “A bonus is recommended for each member of the ACM Management Team. The recommendation is 67% of the 1996 percent.”
The 1994 Agreement, exhibit A, requires a bonus be paid based upon certain measurement criteria consisting of (1) the company’s return on net worth, and (2) the company’s operating margin, determined on a pretax basis. The target amounts for these two criteria were to be determined prior to the close of the December 31,1995 employment period. There is no proof submitted that the target amounts for these two criteria for the 1996 year were determined prior to the close of the 1995 year.
The defendant ACM asserts that it does not matter what the target amounts for these two criteria were because both the return on net worth and the operating margin were zero in 1996 due to a large loss. Therefore, the defendant concludes that under the agreement, Cohen was not entitled to receive any bonus, for 1996.
Notwithstanding the values of the criteria for computing the bonus for the 1996 year, the defendant has not submitted proof of the 1996 target amounts for return on net worth and *135 operating margin before taxes, as required by the 1994 Agreement. Therefore, there is a question of fact as to the criteria for determining whether, and how much of, a bonus was due. The plaintiff has established a question of fact as to the. amount of bonus for the year 1996. The plaintiff’s motion for summary judgment on its second cause of action is denied as a question of fact exists.
The defendant ACM’s motion for summary judgment dismissing the second cause of action regarding the 1996 bonus is denied.
C. Third Cause of Action for Violation of Labor Law
The defendant, Mason, seeks summary judgment dismissing the third cause of action for violation of Labor Law § 193. Section 193 (1) of the Labor Law prohibits deductions “from the wages of an employee” except those specifically listed. Plaintiff asserts that certain set-off amounts for payment of a note to ACM were deducted from his severance pay in violation of section 193.
Under Labor Law §§ 190 and 198-c the definition of wages applicable to the provisions set forth in section 193 includes separation pay. However, section 198-c (3) states that “[t]his section shall not apply to any person in a bona fide executive, administrative, or professional capacity whose earnings are in excess of six hundred dollars a week.” If the prohibition in section 198-c applies due to the person being in this exempt administrative class, then separation pay is not included in the definition of wages under section 190. The intertwining of the definitions and sections of the Labor Law then leads to the conclusion that deductions from separation pay, for the exempt administrative class defined in Labor Law § 198-c, would not be prohibited under Labor Law § 193.
In the instant case, Cohen was Senior Vice-President of Sales and Marketing for ACM, he was a member of the Board of Directors of ACM and met with such Board concerning strategic planning and marketing, Cohen had authority to sign checks and contracts on behalf of ACM and could bind ACM to deals with customers. In addition, in Cohen’s position as part of the management team his earnings were in excess of $3,000 per week. Although the plaintiff asserts that he did not have supervisory control of any employees and did not make recommendations on compensation or performance reviews, Cohen does not deny the other corporate authority which the company sets forth. Clearly Cohen was in a bona fide “executive, *136 administrative, or professional capacity whose earnings [were] in excess of [$600] a week.” (Labor Law § 198-c [3].)
Based upon the circumstances of this case, plaintiff is not entitled to the protections of Labor Law § 193 from deductions to severance pay. The defendant Mason’s motion for summary judgment dismissing this third cause of action is granted.
The plaintiff’s motion for summary judgment on its third cause of action is denied.
D. Counterclaim of ACM on the Promissory Note
The defendant, ACM, also seeks summary judgment on its counterclaim for payment on a promissory note. On January 1, 1993 Robert D. Cohen entered into a note promising to pay ACM the sum of $27,675, "which sum shall be due and payable within fifteen (15) days of leaving the employment of ACM.”
The plaintiff, Cohen, alleges that based upon his claim that there was a 1997 Agreement entered into between the parties, he has not left the employ of ACM. As specifically determined in the above decision, there is no 1997 Agreement between plaintiff and ACM. Therefore, Cohen’s argument that he has not left the employ of ACM is specious. In addition, notwithstanding the above decision, Cohen withdrew his deferred compensation based upon his leaving ACM.
The language of the note is that the sum is due within 15 days of leaving the employment of ACM. Clearly the plaintiff, Cohen, has left the employ of ACM. There is no question of fact raised by the plaintiff on this issue.
The defendant, ACM, is entitled to collect on its promissory note. The defendant ACM’s motion for summary judgment on its counterclaim is granted.
The plaintiff’s motion for dismissal of the counterclaim is denied.
ORDER
Based upon all the papers submitted, the above decision and after due deliberation it is hereby ordered that defendants’ motion for summary judgment is granted in part; it is further ordered that the first cause of action and the third cause of action set forth in plaintiff’s complaint are dismissed; it is further ordered that defendants’ motion to dismiss the second cause of action in the complaint is denied; it is further ordered that plaintiff’s motion for summary judgment on the complaint and to dismiss the defendant’s counterclaim are denied; and it *137 is further ordered that defendant’s motion for summary judgment on its counterclaim for monies due on the promissory note is granted.