■ CENTRAL NATIONAL BANK, CANAJOHARIE, Respondent, v FRANK D. PURDY, Defendant, and JOSEPH COMO, JR., Appellant. [671 NYS2d 866] —Crew III, J. Appeal from an order of the Supreme Court (Best, J.), entered April 7, 1997 in Montgomery County, which denied a motion by defendant Joseph Como, Jr. to vacate a judgment entered against him.

On December 13, 1989 defendant Joseph Como, Jr., defendant Frank D. Purdy and Scott Purdy executed a $55,000 note in favor of plaintiff and, simultaneously, a mortgage on certain real property was executed to secure the note. In 1993, Como and the Purdys defaulted on the note, as a result of which plaintiff made a motion for summary judgment in lieu of a complaint against Como and Frank Purdy (hereinafter Purdy),

which motion was granted.* Prior to enforcing judgment, plaintiff and Purdy reached a settlement wherein it was agreed that the realty subject to the mortgage would be sold and the proceeds applied to the note. Additionally, Purdy was obligated to pay an amount that, in addition to the proceeds of sale, would equal $40,000 in return for which he would be relieved of his obligation on the note. Ultimately, the real property was sold for $25,000, plaintiff executed a discharge of mortgage so that the property could be conveyed free of encumbrances and plaintiff received the agreed upon $40,000, thereby reducing the amount due on the judgment to $29,563.87, inclusive of interest and costs.

Plaintiff thereafter entered judgment against Como for the balance due and began garnishing his wages. Ultimately, Como moved to vacate the judgment on the ground that it was fully satisfied upon the payment of $40,000 to plaintiff. Supreme Court denied the motion and this appeal ensued.

We affirm. A fair reading of the correspondence between plaintiff and Purdy makes clear that plaintiff was releasing only Purdy upon his additional payment of $15,000 (representing the difference between the agreed-upon sum and the proceeds from the sale of the real property) and that the $40,000 payment merely constituted partial satisfaction of the judgment. Como's contention that the discharge of the mortgage operated as a satisfaction of the underlying obligation is wholly without merit (see, *Connecticut Natl. Bank v Hack*, 186 AD2d 387). To the extent Como contends that, as a partner, his financial obligation was extinguished with Purdy's, an argument not raised in Supreme Court, we note that a party pleading the existence of a partnership has the burden of proving its existence (see, *Kahn v Kahn*, 3 AD2d 820). Here, the only reference in the record to a partnership is the conclusory statements of counsel in a reply affidavit in support of the motion to vacate. Accordingly, we find no basis upon which to disturb Supreme Court's order.

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Scott Purdy was not named as a defendant as he had filed for bankruptcy and ultimately was discharged from his obligation on the note.