Vincent GALASSO, on behalf of himself and all others similarly situated, Plaintiff,

v.

EISMAN, ZUCKER, KLEIN & RUTTENBERG, and John Does 1–50, being the partners/shareholders of the firm, Defendants.

No. 03 CIV. 2964(CM)(LMS).

United States District Court, S.D. New York.

March 9, 2004.

Daniel Roskoff, Horing Welikson & Rosen, P.C., Williston Park, NY, for Vincent Galasso, Plaintiff.

Donald Sapir, Sapir & Frumkin, L.L.P., White Plains, NY, for Eisman, Zucker, Klein & Ruttenberg, Defendant.

## MEMORANDUM DECISION AND ORDER ON OUTSTANDING MOTIONS

MCMAHON, District Judge.

Before me are a number of motions: defendant's motion for summary judgment; plaintiff's cross motion for an order of voluntary dismissal without prejudice pursuant to Fed.R.Civ.P. 41(b), and defendant's objection to Magistrate Judge Smith's recommendation that defendant's motion for sanctions be denied.

The complaint filed by plaintiff alleges, in substance, that defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and the New York State Labor Law, N.Y. Lab. L. § 190 et seq., in that he was entitled to receive, but was not paid, overtime pay at one and one half times his straight rate for each hour worked over forty hours per week. Plaintiff also alleged that he was entitled to unpaid vacation, holiday and "spread of hours" pay. Cplt. ¶¶ 2–4,15–16,19–20. Jurisdiction was predicated on the existence of a federal question.

Before defendant served an answer, plaintiff filed an amended complaint, in which he alleged that he was a general equity partner of the defendant accounting firm and was entitled to a share of the firm's profits. This assertion is, of course, completely inconsistent with any claim for overtime compensation under the FLSA or the Labor Law. However, plaintiff did not withdraw his wage and hour claims when he filed the Amended Complaint, and no party moved at that time to dismiss all or any portion of the case.

After discovery, defendant moved for summary judgment on all three claims. Defendant also moved for imposition of sanctions on plaintiff's counsel, alleging that plaintiff's claims were frivolous. Plaintiff opposed that motion. Magistrate Judge Smith, to whom the matter was referred, declined to impose sanctions, and adhered to her original decision when I remanded the matter to her for further consideration.

Plaintiff opposed the motion for summary judgment by submitting an attorney's affidavit. The attorney's affidavit is, of course, incompetent to raise any genuine issue of material fact. *See Randell v. United States*, 64 F.3d 101, 109 (2d Cir. 1995) (attorney's affidavit that did not purport to be based on personal knowledge was inadequate to defeat a motion for summary judgment); *Carnrite v. Granada Hospital Group, Inc.*, 175 F.R.D. 439, 448–449 (W.D.N.Y.1997) (attorney's affidavit not based on personal knowledge is an impermissible substitute for the personal knowledge of a party). Plaintiff did not file a Counter–Statement of Undisputed Material Facts as required by Local Rule 56.1, which means that the Facts recited in Defendant's Rule 56.1 Statement are deemed admitted. *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 72 (2d Cir.2001).

In January of this year, plaintiff moved pursuant to Fed.R.Civ.P. 41(b) for leave to withdraw his complaint without prejudice. Defendant, who has expended considerable time and resources litigating this case and bringing on a dispositive motion, opposes that request.

## DISCUSSION

**1. Plaintiff's Motion for Voluntary Dismissal Without Prejudice is Denied.**

Fed.R.Civ.P. 41(a)(2) provides:

By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.

Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

 Voluntary dismissal of a complaint without prejudice under Rule 41(a)(2) will be allowed only if the defendant will not be prejudiced thereby. *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir.1996). In *Zagano v. Fordham University*, 900 F.2d 12 (2d Cir.1990), the Court of Appeals specified the factors to be considered by a court when deciding a motion to dismiss under Rule 41(a)(2). These factors include: "plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on the plaintiff's part; extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." *Id.*, at 14.

 Considering the Zagano factors, I conclude that the dismissal without prejudice sought by plaintiff is entirely unwarranted. Defendant has expended considerable time, money ($20,000 in legal fees to date) and effort litigating this action. Discovery has concluded, and defendant has brought on a motion for summary judgment, to which plaintiff has made a patently inadequate response and which is sub judice. It is quite clear that plaintiff's motive in bringing on this belated motion is to avoid an adverse decision that will forever bind him. But a party should not be permitted to avoid the prospect of an adverse decision on a dispositive motion by dismissing a claim without prejudice. *Zagano*, 900 F.2d at 14; *Manti Transp., Inc., v. Assoc. Commercial Corp.*, No. 00 Civ. 6807, 2002 WL 369807, *4–5, 2002 U.S. Dist. LEXIS 3738, *14–15 (E.D.N.Y. Mar. 8, 2002); *see also, Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir.1969);

*Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir.1996). If plaintiff is permitted to dismiss his claims and he refiles some or all of them in state court, defendant will be forced to incur additional and duplicative expenses.

Plaintiff's explanation for the need to dismiss is patently inadequate. Counsel states that dismissal without prejudice is warranted "in order to preserve plaintiff's right to be heard, obtain discovery and obtain justice." Roskoff Aff. ¶ 10. Frankly, this statement is insulting. Litigants are well able to "be heard, obtain discovery and obtain justice" in this Court. They do so all the time.

Of course, plaintiff's counsel has not been particularly effective in obtaining anything for his client. Despite being afforded ample opportunity to be heard,[1] he has not conducted discovery in a timely manner. When he suffered an adverse discovery ruling from the learned Magistrate Judge, he failed to file a timely objection thereto with the district judge. He forfeited his opportunity to be heard fully in opposition to the pending motion for summary judgment by failing to file a set of papers competent to raise a disputed issue of material fact, as required by the Federal Rules of Civil Procedure and the local rules of this Court. He has twice failed to file a brief in opposition to motions, also in violation of the local rules of this court, and the second time his failure was inexcusable, since the local rule had already been called to his attention in connection with defendant's motion for sanctions.

Counsel's only excuse for his extraordinary record is a lack of familiarity with federal practice. He says that he rarely appears in federal court (originally he claimed that this was his first foray into this court, but he has since retracted that claim) and is accustomed to the more lenient procedures followed in the State Supreme Court. But the fact that we enforce deadlines and expect our rules to be followed does not mean that plaintiff lacked an opportunity to be heard, to obtain discovery or to obtain justice. He had ample opportunity—he simply did not take appropriate advantage of it.

What has changed for plaintiff is that Magistrate Judge Smith refused to permit extensive and intrusive discovery into plaintiff's partnership claim, because, on the evidence submitted to her, the claim was frivolous.[2] Her ruling limiting discovery was never appealed to this Court (though it could have been) and so is law of

---

1. On October 3, 2003 I referred this case to Magistrate Judge Smith to resolve discovery disputes. A discovery dispute had arisen regarding plaintiff's failure to pursue discovery during the discovery period. Plaintiff moved for an extension of discovery, and tried to explain his failure to meet the deadlines as due to his inexperience in federal court. I granted a one month extension for filing the pre-trial order. Defendant moved for sanctions under Rule 11. In response to defendant's motion, plaintiff simply filed an amended complaint. Explaining that an amended complaint would not be allowed without consent or court order, Judge Smith extended plaintiff's time to respond to the Rule 11 motion. Judge Smith then partially granted plaintiff's motion to extend the time of discov-

ery and recommended denial of defendant's Rule 11 motion, in part because Plaintiff's counsel represented that he had not practiced in federal court and in part because I had not yet decided the pending motion for summary judgment. After, reviewing counsels' objections to Judge Smith's recommendation on the Rule 11 motion, I remanded that issue for further consideration. Judge Smith again declined to grant sanctions because a dispositive motion was still pending.

2. Plaintiff's counsel seems to think that Judge Smith dismissed his partnership claim. She did not do so. She had no authority to do so. I am going to do that myself.

the case. Plaintiff cannot get around his own failure by obtaining a "no harm-no foul" dismissal and taking a second bite of the apple in the State Supreme Court. Plaintiff chose this forum and the court has expended scarce judicial resources getting this case ready for disposition. I now intend to dispose of it.

### 2. The Defendant's Motion for Summary Judgment is Granted.

█ A party is entitled to summary judgment when there is no "genuine issue of material fact" and the undisputed facts warrant judgment for the moving party as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In addressing a motion for summary judgment, "the court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in [its] favor." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Whether any disputed issue of fact exists is for the Court to determine. *Balderman v. United States Veterans Admin.*, 870 F.2d 57, 60 (2d Cir.1989). The moving party has the initial burden of demonstrating the absence of a disputed issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once such a showing has been made, the non-moving party must present "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The party opposing summary judgment "may not rely on conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir.1998). The opponent can only create a genuine issue of fact by citing to competent, admissible evidence (*Sarno v. Douglas Elliman–Gibbons & Ives*, 183 F.3d 155, 160 (2d Cir.1999)); an attorney's affidavit does not do the trick. *Randell*, 64 F.3d at 109 (attorney's affidavit that did not purport to be based on personal knowledge was inadequate to defeat a motion for summary judgment); *Evans v. Credit Bureau*, 904 F.Supp. 123 (W.D.N.Y.1995)(same).

█ Local Rule 56.1 of this Court requires that any party moving for summary judgment submit to the Court a Statement of Material Facts, with the facts sets forth in separately numbered paragraphs and with citations to the record evidence in support of each and every factual assertion. Those facts will be deemed admitted unless the party opposing the motion submits his own Rule 56.1 Statement, which specifically denies any controverted assertions of fact made by the movant. If a party opposing a motion for summary judgment does not submit a Rule 56.1 Statement, the factual assertions contained in the movant's Statement are deemed admitted and uncontroverted. *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d at 72; *Shah v. New York State Dept. of Civil Service*, No. 94 Civ. 9193, 2001 WL 839986, *2 (S.D.N.Y. July 25, 2001)(RPP).

█ Not every disputed factual issue is material in light of the substantive law that governs the case. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. Plaintiff has failed to set forth any issues of disputed fact in opposition to the motion for summary judgment, and cannot now seek a dismissal without prejudice, and avoid a judgment on the merits. Plaintiff invoked a federal forum; he consumed the resources of this court; he pressed his case at our expense. He must abide the consequences of his decision.

█ In this case, the Clerk of the Court has no record of the submission of a Rule

56.1 Statement on plaintiff's behalf. Indeed, plaintiff simply refers the Court to defendant's papers, including defendant's Rule 56.1 Statement, to support his opposition to the motion (*See* Affidavit of Daniel Roskoff Esq. in Opposition to Defendant's Motion for Summary Judgment at "Statement of Facts," page 2). That being the case, every assertion of fact contained in Defendant's Rule 56.1 Statement is admitted. With that understanding, I proceed to consider defendant's motion.

### (A) *Plaintiff's First Cause of Action, For Overtime Pay, Is Dismissed*

The FLSA exempts from coverage "any employee employed in a bona fide...professional capacity...," 29 U.S.C. § 213(a)(1). An employee is a "professional" if he earns more than $250 per week and (1) was compensated on a salary basis; (2) had as his primary duty the performance of work requiring knowledge of an advanced type in the field of science or learning acquired by prolonged course of specialized intellectual instruction and study; and (3) had responsibilities that include work requiring the consistent exercise of discretion and judgment in its performance. 29 C.F.R. § 541.3; *Freeman v. National Broadcasting Co.*, 80 F.3d 78, 83 (2d Cir.1996).

Accounting is specifically cited in the regulations as a "learned profession" that is generally exempt from FLSA coverage.

The undisputed evidence reveals that plaintiff is a certified public accountant. He studied accounting in college. He is licensed by the State of New York. He represented clients before the United States Internal Revenue Service, gave clients professional advice regarding tax and accounting matters, prepared tax returns, conducted and issued opinions on certified audits, performed review and compilation engagements, and responded to tax correspondence from state and federal agencies. The evidence also reveals that plaintiff was paid more than $600 per week. He was paid a salary, not at an hourly rate.

Plaintiff's functions require the consistent exercise of discretion and judgment. He falls squarely within the "learned professional" exemption of the FLSA. He is salaried and earns more than the statutory minimum for the exemption to apply. He is therefore exempt from FLSA coverage.

The first cause of action is dismissed.

### (B) *The State Labor Law Claims are Also Dismissed*

New York's Labor Law also exempts learned professionals from coverage. 12 N.Y.C.R.R. §§ 142–2.2, 142–2.16. The tests under the two statutes and their corresponding regulations are identical. *Dingwall v. Friedman Fisher Assoc., P.C.*, 3 F.Supp.2d 215, 220–21 (N.D.N.Y.1998). For the reasons cited above, plaintiff is no more entitled to overtime pay under state law than he is under federal law.

Plaintiff's claim for unpaid vacation and holiday pay is similarly deficient, because professionals who earn in excess of $600 per week are not protected by the relevant provision of the Labor Law. N.Y. Lab. L. § 198–c(3); *Cohen v. ACM Medical Lab., Inc.*, 178 Misc.2d 130, 678 N.Y.S.2d 432 (1998).

Finally, plaintiff's claim for "spread of hours" pay is deficient as a matter of law because § 650 of the Labor Law and the regulations thereunder were not enacted for the benefit professionals, who are exempt from its provisions. N.Y. Lab. L. § 651(5)(c); 12 N.Y.C.R.R. § 142.2–4.

### (C) *Plaintiff's Third Cause of Action is Dismissed*

Plaintiff alleges in his Amended Complaint that, if he is not an employee of

defendant, he is a "general equity" partner in the firm, and he seeks a declaration that he is entitled to an equity interest in the firm (Third Claim) and to an accounting (Fourth Claim).

■■■■ As the party asserting the existence of a partnership, plaintiff bears the burden of proving its existence. *North American Knitting Mills, Inc. v. International Women's Apparel, Inc.*, No. 99 Civ. 4643, 2000 WL 1290608, *1, 2000 LEXIS 1319, *3 (S.D.N.Y. Sept. 12, 2000), *quoting Central National Bank, Canajoharie v. Purdy*, 249 A.D.2d 825, 826, 671 N.Y.S.2d 866 (3d Dep't 1998). Plaintiff must plead and prove that he shared in the profits and losses of the enterprise, jointly controlled and managed the business and contributed something (whether money, property, effort, skill or knowledge) to the firm. *Id.* He must also plead and prove that he and his putative partners intended that he become a partner. *Id.*

■■■ The Amended Complaint pleads none of this. Moreover, every single one of these points is controverted by the affidavits of the three general equity partners in defendant limited liability partnership. The uncontroverted (and therefore admitted) statements in defendant's Rule 56.1 Statement of Material Fact show that plaintiff was employed at EZKR during tax season 2002 (January 1–April 30, 2002)—a period of some four months. The Rule 56.1 Statement also establishes that the three EZKR partners (Eisman, Klein and Ruttenberg) did all of the following:

Jointly controlled and managed the business of the firm; (¶¶ 34–36);

Contributed financial resources to the partnership; (¶¶ 37, 39);

Signed the Account Agreement with the firm's Bank; (¶¶ 37–39);

Attended partnership meetings; (¶ 40);

Shared in the profits and losses of the firm; (¶ 41–43);

while plaintiff did none of the above. These things are the incidents of true partnership. There is no evidence that Eisman, Klein and Ruttenburg had any intent to make plaintiff their partner; the undisputed evidence shows that they did not. (¶ 44).

In short, these uncontroverted (and hence admitted) facts—all of which are supported by competent and admissible evidence (to wit, the testimony of the three partners themselves)—demonstrate that plaintiff enjoyed none of the incidents of partnership. Plaintiff is bound by those admitted facts; moreover, he offers no competent, admissible evidence to controvert them.[3]

The record admits of but one conclusion—plaintiff was an employee of defendant, but not an employee who enjoyed coverage under the federal and state wage and hour laws. His claim to a share of the

---

**3.** In his papers opposing the imposition of sanctions, counsel for plaintiff refers to a sworn affidavit from his client that allegedly supports his partnership claim. That affidavit has not been submitted to the Court. Instead plaintiff's counsel submitted yet another amended pleading as an exhibit to his opposition to the motion for summary judgment—this time asserting that plaintiff either is or was a partner in the EZKR, albeit not a "general equity partner." (Ex. A to Roskoff Aff. at pp. 2–3). Plaintiff has no right to serve a second amended complaint without leave of court, Fed.R.Civ.P. 15(a), and I have no intention of granting leave in the absence of competent evidence of partnership, which has not been provided to me. I remind counsel that a party opposing summary judgment is required to lay bare his proof—he cannot assert that competent evidence to support his claims exists but refuse to produce it. *Weiss v. La Suisse, Societe D'Assurances Sur La Vie*, 293 F.Supp.2d 397, 408 (S.D.N.Y.2003).

partnership profits is dismissed—with prejudice.[4]

### 3. The Magistrate Judge's Recommendation Denying Sanctions is Reversed and Plaintiff and his Counsel are Directed to Pay Sanctions in the Amount of $5,000.

Judge Smith spent a great deal of time adjudicating defendant's motion for sanctions. She concluded in the first instance—and concluded again on remand—that plaintiff and his counsel ought not be sanctioned, despite the frivolousness of their claims and the inadequacy of their behavior during this litigation. After reviewing the record, I am constrained to disagree.

 This court rarely imposes Rule 11 sanctions—partly because they are a side show that delays the disposition of cases and partly because they are so often reversed on appeal. However, in this case, plaintiff has asserted claims that he well knew were without merit and that turned out to be completely without factual support. The FLSA and Labor Law claims were without merit on their face. Insofar as the overtime and the state vacation and holiday claims go, plaintiff was a Certified Public Accountant who fell within the exemptions for learned professionals and for persons who earn in excess of $600/week. These exemptions are clear from the text of the statute. 29 U.S.C. § 213(a)(1); N.Y. Labor Law §§ 198–c(3), 651(5)(c);12 N.Y.C.R.R. § 142–2.2, 142–2.16, 12.2.4.

And the FLSA does not permit claims for vacation and holiday pay, although such claims were asserted. (Cplt. and Amended Cplt. ¶¶ 17–19.) Whether defendants chose to pay other professional employees overtime is of no moment to plaintiff's statute-based wage and hour claims. *See Donovan v. Burger King Corporation,* 675 F.2d 516, 520–22 (2d Cir.1982). Defendant is a private employer who was not required to treat all its employees equally.

 There can be no excuse for filing claims that are statutorily barred. Rule 11 requires that an attorney signing a pleading conduct a reasonable inquiry to ensure that the claims asserted are both well-grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. Put more simply, counsel is charged with doing a modicum of legal research before bringing a lawsuit. That Mr. Roskoff did not do so is apparent.

The defalcations continue. Counsel failed to serve any timely discovery requests. And he misrepresented to Judge Smith that he had no experience in federal court, when in fact he has filed at least ten actions in the Southern and Eastern Districts of New York, seven of which are employment matters. *See* Ex. 1 to the Sapir Affidavit in support of sanctions and *Losciale v. Port Authority of New York and New Jersey,* No. 97 Civ. 0704, 1999 WL 587928, \*7, 1999 U.S. Dist. LEXIS 11990, \*21–26 (S.D.N.Y. August 4, 1999).[5]

4. No party has acknowledged his place of residence. I suspect that all of plaintiff's state law claims are pendent, because I suspect that there is not complete diversity between plaintiff on the one hand and the three general equity partners on the other. Had plaintiff come to this court in the first instance with his specious claim of partnership, I imagine this court would have had no jurisdiction to entertain the matter. By asserting a frivolous federal cause of action, plaintiff has placed

the matter squarely within the jurisdiction of the court.

5. Counsel is a member of the Bar of this Court. He was admitted on April 29, 1996. At that time, his sponsor averred to the Court that counsel was familiar with the Federal Rule of Civil Procedure and our local rules. Since counsel admits that this is not the case—and his behavior confirms it—he ought not practice here. I am referring this matter

Judge Smith's reasons for not recommending sanctions are two: counsel's inexperience in federal court and the pendency of a dispositive motion, which made her reluctant to reach a final conclusion concerning the frivolity of the claims asserted. The former turns out to be a misstatement of fact, and the latter does not constrain me, since I have dismissed the complaint with prejudice. This is a matter that cries out for some sort of sanction.

I thus accept the Magistrate Judge's Report, but decline to adopt her recommendation, and I impose sanctions against plaintiff's counsel in the amount of $5,000, to be paid to defendant's counsel. I have chosen this amount well knowing that it does not recompense defendant for the entirety of its attorney's fees—but I conclude that the fees were inflated by defendant's ardent pursuit of sanctions, and that this case could have been litigated to dismissal on the merits for substantially less. The sanction imposed is, I believe, appropriate in the circumstances.

The Clerk of the Court is directed to close the file.

This constitutes the decision and order of the Court.

to the Grievance Committee of the Southern District of New York, which will consider whether professional discipline is appropriate. I am a member of that committee but will recuse myself from this matter.